UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO. 05-10516-MLW

| | |
|---|---|
| THOMAS JAMES JADLOWE,<br><br>          Plaintiff<br>v.<br><br>TOWN OF DARTMOUTH, LEONARD GONSALVES, MICHAEL J. GAGNE, DONALD A. PERRY, SCOTT E. SILVIA, JOEL S. REED and JEANNE E. LENTINI,<br><br>          Defendants | MEMORANDUM IN SUPPORT OF DEFENDANTS TOWN OF DARTMOUTH, LEONARD GONSALVES, MICHAEL J. GAGNE, DONALD A. PERRY, SCOTT E. SILVIA, AND JOEL S. REED'S (THE "MUNICIPAL DEFENDANTS") MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 12(b)(1) AND 12(b)(6) |

I.      INTRODUCTION

In this action, plaintiff inexplicably attempts to confer liability on a group of municipal officials for the lawful actions of an independent, private third party – actions that were taken in response to said officials' grant of zoning relief to plaintiff. In so doing, the plaintiff not only fails to allege the most basic element of any legal claim – that of an injury caused by the defendants – but also seeks to have this Court ignore fundamental principles of federalism by issuing an order that would violate state law, abrogate an ongoing state court proceeding, and contravene an order issued by a state court judge.

Specifically, as noted, this action involves the granting to plaintiff of a Special Permit by the Zoning Board of Appeals ("ZBA") of the Town of Dartmouth ("Town"), to allow plaintiff to proceed with a construction project (the "Project"), despite violations of the Town's Zoning Bylaw. An abutter to plaintiff's property has appealed the issuance of the Special Permit to the Bristol Superior Court, as permitted by the state Zoning Act, G.L. c.40A, §17. That case is currently pending.

In an ill-disguised and improper attempt to short-circuit the Superior Court proceeding, the plaintiff has filed the instant action, claiming that the defendants, various officials of the Town of Dartmouth,[1] have "conspired" to violate plaintiff's Equal Protection rights (Count I) – a claim that has already been rejected by a state-court judge and thus should be barred here. Plaintiff then attempts to parlay these baseless allegations into a request that the Court issue an order that plaintiff be permitted to proceed with the Project. (Count II). This request is improperly before this Court because plaintiff has failed to exhaust his administrative remedies, as he was ordered to do by the same judge referenced above. This request is further improper in that it requires this Court to disregard the procedures for addressing zoning disputes set forth in the Zoning Act, and thereby usurp the state's authority over zoning matters.

For all these reasons, which are discussed in detail in the within Memorandum, the defendants Town of Dartmouth, Leonard Gonsalves, Michael J. Gagne, Donald A. Perry, Scott E. Silvia, and Joel S. Reed (collectively, the "municipal defendants") request that this Court dismiss Counts I and II against them.

II.     RELEVANT FACTS

The following facts are taken from averments of the Complaint and Exhibits thereto, documents referenced in the Complaint but not attached thereto, and court records from related litigation between the parties. To the extent this motion is brought pursuant to Fed.R.Civ.P. 12(b)(6), the Court may consider these latter documents without converting the Motion to Dismiss into a Motion for Summary Judgment. See Beddall v. State Street Bank and Trust Co., 137 F.3d 12, 17 (1st Cir. 1998) (when a complaint's allegations are expressly linked to a

---

[1] Defendant Leonard Gonsalves is a member of the Town's Board of Selectmen; Michael J. Gagne is the Town's Executive Administrator; Donald A. Perry is the Town's Planning Director; Scott E. Silvia is the Chairman of the ZBA; Joel S. Reed is the Town's Building Commissioner. Defendant Jeanne E. Lentini, against whom Count III is brought, is a state court stenographer who is not a party to this Motion to Dismiss.

2

document, that document effectively merges into the pleadings and the trial court may review it in deciding a Rule 12(b)(6) motion); American Glue & Resin, Inc. v. Air Products & Chemicals, Inc., 835 F.Supp. 36 (D.Mass.1993) ("it is undoubtedly true that this court may take judicial notice of records in related state court proceedings on a Rule 12(b)(6) motion").

1. The plaintiff owns property located at 30 Arch Street in the Town. Complaint, ¶4.

2. On November 20, 2001, plaintiff was issued a Building Permit to remodel the property (the "Project"). Complaint, ¶8 and Exhibit A.

3. On March 19, 2002, the Town's then-Building Commissioner, David Silveira ("Silveira"), ordered the plaintiff to cease and desist work on the Project because the Project was in violation of setback provisions in the Town's Zoning Bylaw. Complaint, ¶11. Silveira also ordered that construction already completed be removed.

4. Plaintiff appealed the stop-work order to Bristol Superior Court. Complaint, ¶12. The Superior Court (Sikora, J.) issued a preliminary injunction, enjoining plaintiff from proceeding with the Project and enjoining the Town from instigating any demolition of the Project. Complaint, ¶12, and Exhibit B, ¶¶1-2. The Court further ordered that both parties exhaust their administrative remedies to the Town's ZBA prior to resuming litigation. Id., ¶4.

5. The plaintiff subsequently appealed the stop-work order to the ZBA, pursuant to G.L. c.40A, §8, and also applied for a special permit to allow the Project to proceed, pursuant to G.L. c.40A, §9. Complaint, ¶13.

6. The ZBA upheld the stop-work order, and denied plaintiff's request for a special permit. Complaint, ¶13.

7. Plaintiff appealed the ZBA's above-referenced decisions to the Superior Court. Complaint, ¶14; see also Complaint in Thomas James Jadlowe, et al. v. Town of Dartmouth, et al., Bristol Superior Court C.A. No. 2002-01048 (a copy of which is attached hereto as Exhibit 1).

8. This appeal asserted that the decisions should be overturned because they were a result of the ZBA's efforts to deny plaintiff his Equal Protection rights. Exhibit 1, ¶7.

9. The appeal also requested that the Superior Court "enter a judgment that the plaintiffs have a right to build the proposed structure." Exhibit 1, ¶10b.

10. The appeal was consolidated with the plaintiff's initial action referenced in Paragraph 4, above. Complaint, ¶14.

11. On October 30, 2003, the Superior Court (Garsh, J.) issued a comprehensive, 46-page decision in the consolidated actions. See Order of Judgment in Thomas James Jadlowe, et al. v. Town of Dartmouth, et al., C.A. No. 2002-01048 (a copy of which is attached hereto as Exhibit 2).

12. In its decision, the Court made the following findings and rulings:

   a. That "no one ordered Silveira to issue [the stop-work] order or threatened him with dismissal or any other adverse job action should he not do so … The Town did not subject Silveira to undue influence." Exhibit 2, p.28, ¶4; p.33, ¶2. The Court expressly found that Silveira's testimony otherwise, which plaintiff invokes in purported support of his claims in the instant case, "is not credible." Exhibit 2, p.29, ¶4.

b. That "[t]he plaintiffs were not singled out for special treatment by the Town. There was no intent or scheme to harass them."[2] Exhibit 2, p.30, ¶2.

c. That, to the extent Silveira felt intimidated by Town officials, "it was only because of the expressed, legitimate dissatisfaction with Silveira's failure to" respond to a request for a zoning determination by an abutter to plaintiff's property, as mandated by statute and the Town's Bylaw. Exhibit 2, p.27, ¶2; see also Exhibit 2, pp.25-26.

d. That Silveira issued the stop-work order because he believed it would allay the Board's anger with him over "his inordinate and inexcusable delay in responding to" the abutter. Exhibit 2, p.29, ¶5. The Court thus found that the stop-work order was "not prompted by any zoning considerations" and vacated the order. Exhibit 2, p.34, ¶¶1, 3.

e. The Court further found, however, that "it does not follow … that the plaintiffs are entitled to the order they have requested allowing them to complete the construction," as "such an order would interfere with proper enforcement action which ought to be passed upon first at the local administrative level." Exhibit 2, p.35, ¶1.

f. The Court stated that "[a] ZEO reasonably could conclude that the … proposed construction was not permitted by … the Bylaw." Exhibit 2, p.37, ¶2; and that a new Building Commissioner might issue a new stop-work order. Exhibit 2, p.35, n.19. The Court expressly "reject[ed] the plaintiffs' argument

---

[2] Both Thomas Jadlowe and his son, Mark Jadlowe, were plaintiffs in the original state-court action; thus Judge Garsh referred to the "plaintiffs" throughout the decision.

5

        that any local enforcement action would … violate the equal protection clause of the Federal or Massachusetts constitutions." Exhibit 2, p.42, n.26.

    g.    Noting that "the doctrine of exhaustion is alive and well in the zoning area," Exhibit 2, p.39, ¶4, the Court stated that "if a new cease and desist order issues, there will be administrative remedies to exhaust." Exhibit 2, p.40, ¶1. The plaintiffs, the Court stated, are not "entitle[d] to any special treatment." Id.

    h.    Indeed, the Court ordered "the plaintiffs not to proceed with further work under the building permit before 4 p.m. on December 1, 2003, to permit the initiation of any appropriate enforcement action … from which timely appeals … may be prosecuted." Exhibit 2, p.45, ¶4.

13.    On November 24, 2003, Reed, who replaced Silveira as the Town's Building Commissioner, ordered plaintiff to cease and desist work on the Project because the Project was in violation of setback provisions in the Town's Zoning Bylaw. ("Reed's stop-work order"). Complaint, ¶16, and Exhibit E.

14.    Plaintiff did not, as is his right under state law, appeal Reed's stop-work order to the ZBA. See G.L. c.40A, §8. Rather, he appealed the stop-work order to the Building Code Appeals Board ("BCAB"). Complaint, ¶17. The Town moved to dismiss said appeal, on the grounds that the BCAB, which has jurisdiction over Building Code issues, lacks jurisdiction to hear appeals of enforcement orders based on local zoning laws. Id. The Town's motion is pending.

15.    Subsequently, in an effort to resolve the matter, Executive Administrator Gagne explored the possibility of issuing plaintiff a Special Permit that would allow the

    Project to proceed. Complaint, ¶18. Town officials prepared an application for such a Special Permit on plaintiff's behalf, and plaintiff signed the application. Complaint, ¶19. The Town also paid the filing fee for the application on plaintiff's behalf. Id. See also Special Permit Application (a copy of which is attached hereto as Exhibit 3).

16. After a hearing, the ZBA issued a combined Variance/Special Permit to plaintiff. Complaint, ¶19; see also Decision (a copy of which is attached hereto as Exhibit 4). The Variance/Special Permit (the "Special Permit") renders plaintiff's property in conformance with the Town's setback regulations despite any violations that may actually exist.

17. Abutters to the Property, Lisa and Maryanne Frates (collectively, "Frates"), have appealed the Special Permit to the Superior Court, as is their right under G.L. c.40A, §17. See Frates, et al. v. Jadlowe, et al., Bristol Superior Court C.A. No. 04-01358 (a copy of which is attached hereto as Exhibit 5). That action, which seeks to void the Special Permit, is currently pending.

## III. ARGUMENT

### A. Motion to Dismiss Standard

A motion to dismiss is a vehicle to determine whether the complaint alleges facts sufficient to make out a cognizable claim. LaChapelle v. Berkshire Life Ins. Co., 142 F.3d 507, 508 (1st Cir.1998). In reviewing a motion to dismiss under Rule 12(b)(1) or 12(b)(6), the court is required to accept as true all well-pleaded factual allegations in the complaint and to draw all reasonable inferences in plaintiff's favor. Carroll v. Xerox Corp., 294 F.3d 231, 241 (1st Cir.2002) (Rule 12(b)(6)); Pejepscot Indus. Park v. Maine Cent. R.R., 215 F.3d 195, 197 (1st Cir.2000) (Rule 12(b)(1)). A court should dismiss a complaint where it is clear that no relief

7

could be granted under any set of facts that could be proved consistent with the allegations. Hishon v. King & Spalding, 467 U.S. 69, 73, 104 S.Ct. 2229 (1984).

      B.      Plaintiff's §1983 Claim (Count I) Should Be Dismissed Because (1) Plaintiff Fails to Allege Any Deprivation by the Municipal Defendants and (2) This Claim Has Already Been Rejected by the State Court

           1.      Plaintiff Fails to Allege Any Deprivation by the Municipal Defendants

Count I of the Complaint asserts a claim, pursuant to 42 U.S.C. §1983, for "conspiracy" to violate plaintiff's Equal Protection rights. Complaint, ¶35. A §1983 plaintiff must demonstrate that (1) a person acting under color of State law committed the conduct complained of and (2) the conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. See, e.g., Rodriguez-Garcia v. Davila, 904 F.2d 90, 94 (1st Cir. 1990). Actions under Section 1983 "are a species of tort liability," and, accordingly, a showing of proximate cause is a necessary element in a §1983 action. Olsen v. Correiro, 189 F.3d 52, 66 n.16 (1st Cir.1999).

The only "deprivation" that plaintiff alleges as a basis for his Section 1983 claim is the denial of "the use of his land." Complaint, ¶35. However, plaintiff fails to allege that this alleged deprivation was caused by an act of the municipal defendants, and thus fails to allege the most basic element of a Section 1983 (or indeed, any) action. Rather, plaintiff admits that the Town, acting by and through its ZBA, granted the plaintiff a Special Permit to allow him to proceed with the Project. Complaint, ¶¶18-19; Exhibit 4. The Complaint further admits that the only "injury" of which plaintiff complains – that of being prevented from completing the Project

– was caused by a private party (Frates) pursuing her statutory right to appeal the decision of the ZBA to grant the Special Permit. Complaint, ¶20; Exhibit 5; see also G.L. c.40A, §17. It is self-evident that action by a private party cannot lay the predicate for a Section 1983 claim. See, e.g., Frazier v. Bailey, 957 F.2d 920, 927, n.8 (noting that summary judgment on §1983 claim against private individual was properly allowed, as individual "was not acting under color of state law").

Plaintiff's attempt to confer liability upon the municipal defendants for the lawful act of an independent third party runs afoul of the "axiomatic" premise "that the liability of persons sued in their individual capacities under section 1983 must be gauged in terms of their own actions." Rogan v. Menino, 175 F.3d 75, 77-78 (1st Cir. 1999). Plaintiff's allegation that the municipal defendants are nonetheless liable for the work stoppage because they "knew of or should have known that Frates would file an appeal," Complaint, ¶22, is frivolous. Local zoning boards regularly grant relief to which a neighbor has voiced opposition (usually at the public hearing required in zoning proceedings), and therefore "know or should know" that said neighbor will appeal the decision to grant such relief. Local zoning officials clearly cannot interfere with the statutory right of an aggrieved abutter to appeal their decision to grant zoning relief. To hold such officials liable in such circumstances, as plaintiff seeks to do, is absurd, as it would contravene not only the principle enunciated in Rogan, supra, but also create an avalanche of litigation against local zoning officials, brought by permit recipients aggrieved by an abutter's appeal.

Plaintiff's attempt to evade these concrete legal principles by claiming that the defendants created his injury by requiring him to obtain a Special Permit, though they had ignored similar zoning violations by others, is unavailing. Even if such an allegation is true, the grant of the Special Permit actually puts the plaintiff in a better position than those whose zoning violations

9

were allegedly ignored, since the Special Permit renders the Project in conformance with the Town's setback regulations, despite any violations that may actually exist. Thus, the Special Permit protects plaintiff from any enforcement action based on the setback violation, while others whose violations are allegedly ignored remain vulnerable should the Town choose to enforce the setback provision. As the defendants' conduct placed plaintiff in a better position than those to whom he compares himself, plaintiff's far-stretched contention still fails for lack of any allegation of injurious conduct by the defendants.

Since no conduct of the municipal defendants has deprived plaintiff of any right, the Complaint fails to state the most basic element of a Section 1983 claim, and therefore Count I, asserting a "conspiracy" to violate plaintiff's Equal Protection rights, must be dismissed.

2. Plaintiff's Section 1983 Claim Should Also Be Dismissed Pursuant to the Doctrine of Res Judicata

For a claim to be precluded by the doctrine of res judicata, "there must be: (1) a final judgment on the merits in an earlier action; (2) sufficient identity between the causes of action asserted in the earlier and later suits; and (3) sufficient identity between the parties in the two suits." Bay State HMO Mgmt., Inc. v. Tingley Sys., Inc., 181 F.3d 174, 177 (1st Cir.1999). These elements are all present in plaintiff's claim that the municipal defendants conspired to violate his Equal Protection rights, and thus Count I should be dismissed on res judicata grounds.

As noted, plaintiff filed a state-court action based on the issuance of the first stop-work order to him. See Exhibit 1. In his Complaint, plaintiff claimed that the ZBA's refusal to rescind the stop-work order, and its requirement that he apply for a Special Permit, were based on its efforts to deny plaintiff his Equal Protection rights. Id., ¶7. In considering the validity of the Town's actions, therefore, it was necessary for the Superior Court to reach the merits of plaintiff's contention that his Equal Protection rights had been violated.

10

The Superior Court rejected plaintiff's contention, explicitly finding that "[t]he plaintiffs were not singled out for special treatment by the Town." Exhibit 2, p.30, ¶2. Moreover, the Court expressly "reject[ed] the plaintiffs' argument" that a new stop-work order from a subsequent Building Commissioner "would … violate the equal protection clause of the Federal or Massachusetts constitutions." Exhibit 2, p.42, n.26. The Superior Court thus rendered a final judgment on the merits of plaintiff's claim that Town officials had violated his Equal Protection rights in connection with the Project, and thus Count I meets the first prong of the res judicata test.

Count I also meets the second prong of the res judicata test, as the claim asserted therein and the claim asserted in the state-court action "derive from a common nucleus of operative facts" – that is, the Town's issuance of an order to plaintiff to stop construction on the Project due to violation of setback regulations. Breneman v. U.S. ex rel. F.A.A., 381 F.3d 33, 38 (1st Cir.2004). Finally, there is sufficient identity between the parties in the two suits to preclude plaintiff from reiterating his Equal Protection claim in this forum. The actions of all Town officials connected to the issuance of the stop-work order were considered by the Superior Court in concluding that "[t]he plaintiffs were not singled out for special treatment by the Town." Exhibit 2, p.30, ¶2. Plaintiff's contention in Count I that Town officials violated his Equal Protection rights is no more than a reiteration of the claim that was considered, and rejected, by the Superior Court, and, as such, Count I should be dismissed pursuant to the doctrine of res judicata.

11

      C.      Count II, Seeking an Order That Plaintiff Be Permitted to Proceed With the Project, Should Be Dismissed Because (1) Plaintiff Failed to Pursue His Administrative Remedies; and (2) Such an Order Would Contravene State Law, and Interfere with a Pending State Proceeding

Count II requests that this Court "order the [Building Commissioner] to revoke his stop-work order and to enter an order … to allow for the completion of the project." Complaint, ¶38. Plaintiff's request is entirely improper, and should be dismissed, because (1) plaintiff has failed to exhaust his administrative remedies, as he was ordered to do by the state court, and thus this Court lacks jurisdiction over this matter; and (2) the request requires this Court to violate procedures set forth in the state Zoning Act and interfere with an ongoing state proceeding, thereby usurping the state's authority over zoning matters.

      1.      Plaintiff Failed to Pursue Administrative Remedies, As He Was Ordered To Do

It is well-established that a plaintiff may not seek judicial review of zoning decisions prior to exhausting administrative remedies. See, e.g., Cumberland Farms, Inc. v. Zoning Bd. of Appeals of Walpole, 61 Mass.App.Ct. 124, 129, 807 N.E.2d 245 (2004) ("failure to exhaust administrative remedies is jurisdictional in nature, and the court may not hear the matter if it was not appealed to the local board of appeals"); Garabedian v. Westland, 59 Mass.App.Ct. 427, 432, 796 N.E.2d 439 (2003) ("[o]rders of public officials are not generally appropriate subject matter for declaratory judgment, if, as in the case of a building inspector, there are administrative remedies to exhaust").

In this case, the contested stop-work is based on a zoning violation. Complaint, ¶16, and Exhibit E. Therefore, plaintiff could have appealed the stop-work order to the Town's ZBA. See G.L. c. 40A, §8 ("any person … aggrieved by an order or decision of the inspector of buildings" may appeal such order to the permit granting authority).[3] An appeal to the ZBA is a

---

[3] The ZBA is the Town's "permit granting authority."

condition precedent to seeking judicial review, and is plaintiff's exclusive remedy from the stop-work order. See G.L. c. 40A, §7 ("no action, suit or proceeding shall be maintained in any court … except in accordance with the provisions of this section, section eight and section seventeen"); see also McDonald's Corp. v. Town of Seekonk, 12 Mass.App.Ct. 351, 353, 424 N.E.2d 1136 (1981) ("[o]nce the building inspector denied the building permit … [plaintiff's] sole recourse was an appeal to the board of appeals"). Only after his appeal has been heard and rejected by the ZBA would plaintiff have the right to seek review in the state courts, under G.L. c.40A, §17.

Indeed, plaintiff was ordered by the Superior Court to pursue the remedies described above prior to seeking judicial review of the stop-work order. As noted, plaintiff previously requested that the Superior Court issue an order that he be allowed to complete the Project. See Exhibit 1, ¶10(b). The Court (Garsh, J.) rejected plaintiff's request, as "such an order would interfere with proper enforcement action which ought to be passed upon first at the local administrative level." Exhibit 2, p.35, ¶1. In fact the Court, noting that a new Building Commissioner might reasonably find the Project in violation of zoning regulations, ordered the plaintiffs not to proceed with further work for a specified period of time, "to permit the initiation of any appropriate enforcement action … from which timely appeals … may be prosecuted." Exhibit 2, p.45, ¶4. Noting that "the doctrine of exhaustion is alive and well in the zoning area," the Court stated that "if a new cease and desist order issues, there will be administrative remedies to exhaust." Exhibit 2, p.40, ¶1.

When Reed issued a new stop-work order, however, plaintiff persisted in disregarding his exclusive remedies under the Zoning Act and, instead, took his appeal to the BCAB. Complaint, ¶17. The Town has moved to dismiss the appeal on the grounds that the BCAB, which has

13

jurisdiction over Building Code issues, lacks jurisdiction to hear appeals of enforcement orders based on local zoning regulations, pursuant to the well-established law cited above. Complaint, ¶17. The case before the BCAB is pending.

Plaintiff's flagrant disregard of state administrative remedies precludes him from seeking judicial review of the stop-work order. See Marborough Sav. Bank v. City of Marlborough, 45 Mass.App.Ct. 250, 252, 697 N.E.2d 143 (1998) (dismissing claim for entitlement to building permits due to failure to exhaust administrative remedies provided under G.L. c.40A); McDonald's Corp., 12 Mass.App.Ct. at 353 (court lacked jurisdiction to hear challenge to building inspector's denial of building permit, where property owner failed to appeal denial to board of appeals).[4] By requesting that this Court do what the state court deemed inappropriate and order that the Project be permitted to proceed, plaintiff not only asks this court to forsake jurisdictional principles, but also engages in forum-shopping. The requested relief is therefore entirely inappropriate and Count II should thus be dismissed.

    2.    Count II Requires the Court to Contravene State Law and Interfere With an Ongoing State Court Proceeding

Plaintiff's request that this Court "enter an order … to allow for the completion of the Project," Complaint, ¶38, is an affront to the principles of comity and federalism, as it asks this Court to contravene well-established state law, encroach on an area of law reserved to the state, and, in addition, abrogate an ongoing state court proceeding.

Zoning is a matter that has been reserved to the states. See Roberts v. Southwestern Bell Mobile Systems, Inc., 29 Mass. 478, 487, 709 N.E.2d 798 (1999) (noting that "zoning and local land use regulation is one traditionally within the purview of State and local government");

---

[4]Plaintiff's contention that he did not appeal to the ZBA because "he did not believe that he could get a fair hearing," does not change this outcome. An allegation that pursuing administrative remedies would be futile must be made by affidavit. See G.L. c. 231A, §3; see also Marlborough Savings Bank, 45 Mass.App.Ct. at 252.

Pendergast v. Board of Appeals of Barnstable, 331 Mass. 555, 557, 120 N.E.2d 916 (1954) ("[z]oning has always been treated as a local matter"); PrimeCo Personal Communications, L.P. v. Fox Lake, 26 F.Supp.2d 1052, 1062 (N.D.Ill.1998) ("issues of land use are distinctly local and therefore fall on the state-side of the federalism divide").  The state Zoning Act, which sets forth the procedures for addressing zoning disputes, provides that "[a]ny person aggrieved by a decision of the board of appeals or any special permit granting authority … may appeal" such decision to the Superior Court or Land Court.  See G.L. c.40A, §17.  An abutter, such as Frates, is an "aggrieved" person who may pursue this right of appeal.  See Rafferty v. Sancta Maria Hospital, 5 Mass.App.Ct. 624, 367 N.E.2d 856 (1977).  The Zoning Act further vests jurisdiction over such appeals exclusively in the Superior Court and Land Court Departments.  See G.L. c. 40A, §17 ("the foregoing remedies are exclusive").

     As noted, Frates has pursued her statutory right to appeal the granting of the Special Permit to allow plaintiff to complete the Project; her Complaint seeks to have the Special Permit voided.  See Exhibit 5.  Plaintiff's request that this Court snatch the issue of the validity of the Special Permit away from the Superior Court, where it is now pending and where jurisdiction is exclusively vested, and issue an order that the Project be completed, requires this Court to vitiate not only the state's established procedures for addressing zoning disputes, but also the property rights of abutters protected by the Zoning Act.

     This case is thus one from which the Court should abstain from considering, pursuant to the principles set forth in Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746 (1971) and its progeny. Under the Younger doctrine, "a federal court must abstain from reaching the merits of a case … so long as there is (1) an ongoing state judicial proceeding, instituted prior to the federal proceeding … that (2) implicates an important state interest, and (3) provides an adequate

15

opportunity for the plaintiff to raise the claims advanced in his federal lawsuit." Brooks v. New Hampshire Supreme Court, 80 F.3d 633, 638 (1st Cir.1996). Here, the Superior Court proceeding was instituted prior to the instant proceeding, implicates an important state interest in regulating land use, and provides adequate opportunity for plaintiff to raise the federal claims advanced here. See Brooks, 80 F.3d at 639 ("that state courts are fully capable of safeguarding federal constitutional rights" is a "basic presumption"). Thus, the interests of comity and federalism require that this Court refrain from considering plaintiff's request in Count II.

Plaintiff's attempt to have this Court flout state law by wrapping his request in allegations of "conspiracy" and "equal protection" violations is a troubling attempt to insulate himself from what he apparently perceives as the inconveniences of state zoning procedures. Ironically, plaintiff seeks to subvert Equal Protection principles and place himself into a special class – the class of persons to which state law does not apply. As the Superior Court has noted, the plaintiff is not "entitle[d] to any special treatment," Exhibit 2, p.40, ¶1, and, therefore, this Court should dismiss Count II.[5]

---

[5] As also noted by the Superior Court, any argument that plaintiff should be entitled to rely on the wrongfully-issued building permit has been repeatedly rejected. Exhibit 2, p.42-43; see also Ferrante v. Board of Appeals of Northampton, 345 Mass. 158, 162, 186 N.E.2d 471 (1962) (fact that plaintiffs had been granted a building permit did not entitle them to a variance for unpermitted use. "The governmental zoning power may not be forfeited by the action of local officers in disregard of the statute and the ordinance.... The plaintiff landowner is presumed to have known of the invalidity ... and to have acted at his peril"); Elio v. Zoning Bd. of Appeals of Barnstable, 55 Mass.App.Ct. 424, 432, 771 N.E.2d 199 (2002) ("those who deal with the Government are expected to know the law and may not rely on the conduct of Government agents contrary to law");

IV. <u>CONCLUSION</u>

WHEREFORE, the municipal defendants respectfully request that this Honorable Court dismiss Counts I and II of the Complaint against them.

                                  MUNICIPAL DEFENDANTS

                                  By their attorneys,

                                  <u>/s/Joseph L. Tehan, Jr.</u>
                                  Joseph L. Tehan, Jr. (BBO# 494020)
                                  Jackie Cowin (BBO# 655880)
                                  Kopelman and Paige, P.C.
                                  31 St. James Avenue
                                  Boston, MA 02116
                                  (617) 556-0007

248357/DART/0004

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO. 05-10516-MLW

THOMAS JAMES JADLOWE,

        Plaintiff

v.

TOWN OF DARTMOUTH, LEONARD GONSALVES, MICHAEL J. GAGNE, DONALD A. PERRY, SCOTT E. SILVIA, JOEL S. REED and JEANNE E. LENTINI,

        Defendants

ATTACHMENTS

**Attachments to be filed on paper with the Court.**

MUNICIPAL DEFENDANTS

By their attorneys,

/s/ Joseph L. Tehan, Jr.
Joseph L. Tehan (BBO# 494020)
Jackie Cowin (BBO# 655880)
Kopelman and Paige, P.C.
31 St. James Avenue
Boston, MA 02116
(617) 556-0007

250870/DART/0004