UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
Docket number 2005 CV 10516 REK

THOMAS JAMES JADLOWE

V.

THE TOWN OF DARTMOUTH
LEONARD GONSALVES
MICHAEL J. GAGNE'
DONALD A. PERRY
SCOTT E. SYLVIA
JOEL S. REED
JEANNE E. LENTINI

PLAINITFF'S OPPOSITION TO THE MOTION TO DISMISS

The defendants, with the exception of Ms. Lentini,
have filed a motion to dimiss the action because
"Plaintiff's § 1983 Claim (Count I) should be dismissed
because (a) Plaintiff fails to allege any deprivation by
the municipal defendants (b) the claim has clearly been
rejected by the state court.   I this opposition I will
simply describe the moving parties as the "defendants".

FACTS ALLEGED BY THE PLAINTIFFS

The plaintiff Mr. Jadlowe owns the real property at 30
Arch Street Dartmouth, Massachusetts.  (Complaint ¶ 4)    On
the property their existed in 1998 and had existed prior to
October 26, 1993, two structures.  The front structure
(i.e., closest to Arch Street) was a single undetached
residence, the rear structure was a studio-apartment.
(Complaint ¶ 4)     The date October 26, 1993 is
significant in that the Town Zoning By-laws contained an
exemption which reads in part:

3B.200 NON-CONFORMING STRUCTURES

Opposition to motion to dismiss Counts One and Two with EXhibits
1
Page 1 of 64

Are structures which when built were in compliance with the development standards, if any, in effect at the time, but because of changes in the Zoning Bylaw no longer conform to the development standards for structures in the zoning district in which the structure is located.

3B.201    Protection    of    Existing    Non-Conforming Structures

Non-conforming structures which are legally in existence prior to October 26, 1993 shall be considered in compliance with this Zoning Bylaw.

The facts of this case revolve around the interpretation of that language in conjunction with other provisions of the by-law.    In December 1998, the Building Commissioner and his assistant the Defendant Reed, and the Town Counsel met and agreed on the manner in which that provision would be interpreted.    In short they agreed that if a structure existed on October 26, 1993 it would be allowed to be remodeled or rebuilt or enlarged along its existing set backs, except that any extension could not be extended any closer than 10 feet to a neigbor's side line; and the height could be increased but not to exceed 35 feet.    (See ¶ 9 of the Complaint and Exhibit "D" to the complaint especially page 2.)

In 1998 the Plaintiff's father-in-law and the plaintiff's son applied for and obtained a building permit to renovate the rear structure.    The Town on the Complaint of the defendant Gonsalves stopped the project, and forced the son to apply for a special permit under the zoning by-law.    The application was denied but the project was allowed to proceed as long as the rear structure was joined to the front structure by an arch way about four feet in width and about 8 feet in length attached to a new gazebo

with a second archway to the front structure of about the same size.  The project was completed and an occupancy permit issued.   (Complaint ¶ 5)

The Plaintiff purchased the property from his father-in-law in March 2001; and applied for a building permit to remodel the front structure.  After some discussions with the Assistant Building Commissioner Mr. Reed, it was decided to reconstruct the structure.  A building permit issued and the work was about 65% completed in March 2002.(Complaint ¶ ¶ 6 and 8).

In March of 2002 the Dartmouth Building Commissioner and Zoning Enforcement Office (ZEO) issued a cease and desist Order thereby stopping the project.  The ZEO later testified that he issued the Order, even though he believed the project complied with Zoning.  (Complaint ¶¶ 11 and 13 and Exhibit "A").

That Order resulted in two court actions and two administrative actions by the Plaintiff.

**Court Actions:**

1. First Court action in the Bristol Superior Court Docket number BRCV2002-480, a copy of the complaint and answer is attached as Exhibit "A".   The Decision in that case, although marked BRCV2002-1048 is attached to the defendants' motion to dismiss.  That case is currently on appeal.  The Docket is attached as Exhibit "B".

2. Second Court action in the Bristol Superior Court Docket number BRCV2002-1048 has been dismissed without prejudice. The Complaint and answer are attached as Exhibit "C" and the Docket as Exhibit "D".

**Administrative actions**

3.-4 Two zoning appeals to the Dartmouth Zoning Board
of Appeals (DZBA). These actions were numbered Case #
2002-36 and # 2002-43 and copies are attached to
Exhibit "C". These petitions were commenced pursuant
to the preliminary order in BRCV 2002-480. One was
an administrative appeal from the ZEO"s order of March
19, 2002 and the other was a petition for a Special
Permit under the Zoning By-law of Dartmouth. Both
petitions were denied, and that resulted in the G.L.
c.40A § 17 appeal to the Bristol Superior Court Docket
number BRCV2002-1048. The state court in case
BRCV2002-480 allowed the plaintiff to withdraw both
petitions without prejudice and dismissed case
BRCV2002-1048 without prejudice. See Exhibit "D".
In the court case BRCV 2002-480, the state court ruled
that the original Cease and Desist Order dated March
19, 2002 was null and void. The court further ordered
the Plaintiff not to do any work on the property until
4pm on December 1, 2003 to permit the Defendant Reed
who was at that time the Acting ZEO to issue any order
he deemed competent. Reed issued the order dated
November 24, 2003 entitled a "Stop Work Order", a copy
is attached to the Complaint as Exhibit "E". That
order has generated three administrative actions. One
by the plaintiff, one by the neighbor Frates and one
by the Town on behalf of the Plaintiff. (See the
Complaint ¶ ¶ 16, 17, 18, 19, 20 and 21.

**Administrative Actions**

5. The Plaintiff filed an appeal from Reed's Order of
November 2003 with the Board of Building Regulations

and Standards (BBRS).   The Town moved to dismiss the
action and that matter is still pending before the
Board.   (See Complaint ¶ 17 and Exhibit "E" to this
Opposition.)

6. The neighbor (Frates) filed an Administrative
Appeal alleging that the November 2003 Order was
inadequate and she wanted further restrictions placed
on the property.   That appeal was denied by the ZBA
and no appeal was taken from that dismissal.

7. The Town on behalf of the Plaintiff filed an
application for a special permit with the Dartmouth
ZBA case #  2004-69 and that application was allowed
and the neighbor (Frates) filed an appeal with the
Bristol Superior Court. BRCV2002-1358.    See Exhibit
"5" to the motion to dismiss filed in this court.
That latest appeal by Frates, has in fact again
delayed any work to complete the dwelling.


Plaintiff then filed this action; and the Defendants
responded by a motion to dismiss.  Plaintiff in this case
has alleged that the action of forcing the ZEO to issue an
Order closing down the project in March 2002 was the result
of a personal animus because of critical statements by the
Plaintiff's son and critical writings on the walls of the
home, criticizing both the Defendants Gonsalves and Gagne.
(Complaint Summary of claim)   Also see an excerpt from the
deposition of the Defendant Sylvia taken in the Frates
appeal case page 225, attached to this memorandum as
Exhibit "F".

### Argument

There then presently pending two state court actions BRCV2002-480 and BRCV2004-1358, one of which is on appeal, and one of which is just started; and one administrative actions, the one before the Board of Building Regulations and Standards filed by the Plaintiff.

Under Patsy v Florida Board of Regents, 457 U.S. 496 (1982) the Court held that exhaustion of state administrative remedies is not a prerequisite to an action under

§ 1983.   So that the pending action before the Board of Building Regulations and Standards (BBRS) is not an impediment to this action.   The latest case by Frates, if she were successful would simply put the Plaintiff back where he was on November 24, 2003.   So that case is not an impediment to this action.

The Defendants allege it is the BRCV2002-480 case which is the impediment to the Plaintiff recovering against the defendants.   The theory being that the judge in that case in her  decision stated that;

> "The plaintiffs were not singled out for special
> treatment by the Town.   There was no intent or scheme
> to harass them.   The construction had proceeded with a
> building permit in hand and without the plaintiff
> being advised that the ZEO was looking into issues of
> zoning compliance.   The Jadlowes acted at all times
> in good faith.   The issuance of the cease and desist
> order came as a complete surprise to them."

The Defendants then argue that the decision, even though on appeal is a final decision and the claim in this case is barred as a matter of law by the judge's ruling as stated above.

In the Pérez-Guzmán v. Gracia, 346 F.3d 229, 233 (1st Cir. 2003). Case the court stated that "Under this doctrine [of res judicata], "a final judgment on the merits of an action precludes the parties or their privies from relitigating claims that were raised or could have been raised in that action." Breneman v. United States ex rel. F.A.A., 381 F.3d 33, 38 (1st Cir. 2004) (citation omitted). Specifically, res judicata applies when the following exist: "(1) a final judgment on the merits in an earlier proceeding, (2) sufficient identicality between the causes of action asserted in the earlier and later suits, and (3) sufficient identicality between the parties in the two actions." Id. This doctrine, also known as claim preclusion, serves the purpose of "reliev[ing] parties of the cost and vexation of multiple lawsuits, conserv[ing] judicial resources, and . . . encourag[ing] reliance on adjudication." Id. (quoting Allen v. McCurry, 449 U.S. 90, 94 (1980)).

Further in the case of Walsh v. Int'l Longshoremen's Ass'n, AFL CIO, Local 799, 630 F.2d 864, 873 (1st Cir.1980) (recognizing that res judicata did not bar "subsequent conduct [that] was broader and more far reaching than the conduct which led to the original complaint").

The Plaintiff would argue that there is no final judgment in this case, the matter is on appeal, and further there is not sufficient identity of either the parties or the subject matter of the two suits.

Under Massachusetts law, the Plaintiff would argue that once the building permit issued, the Town could not change the rules of the road, and simply revoke the policy they had adopted in 1998 pursuant to its by-law exemption. See Lowell v Archambault, 189 Mass. 70 (1905) and 780 CMR

102.5.3  See Exhibit "E".  Further, some of the conduct clearly took place after the judge's decision and after the initial case was filed.   It would be unfair at this stage in the case to dismiss the action without discovery.  As the state trial court judge stated "the Jadlowes at all times acted in good faith".   The core of this case is whether the Town enforced the by-law in a different fashion with regard to people similarly situated to the Jadlowes, and whether that action was prompted by an animosity to the Jadlowes because of the writings on the wall.   The Plaintiff at this stage has only to show that he has set forth a theory of recovery. in this action.    An examination of the "verbatim minutes of the Executive Session of the Board of Selectmen, clearly sets out the BOS attitude in the matter.  The member of the Board in a public session describes the plaintiff's son as "I know the guy probably wants to beat you up or kill you, but …. you caught him on a mild day."   This is some indication of the temper of the meeting and the fact that the BOS were down photographing the building, taken in conjunction with Sylvia's testimony that the writing on the wall was the talk of the town, would indicate that the parties present were not out to help the Plaintiff.  But the Defendants, Gonsalves, Perry and Gagne were present at that meeting and knew of the existence of the policy to interpret the by-law exemption as permitting the Jadlowe construction.   At that meeting the BOS had a list and Silveira said many homes were involved, but the only house that any action was taken against was the Jadlowe home.  The Plaintiff therefore can show, a. There was animosity toward the Jadlowe family, the Plaintiff's real estate was singled out, and an policy that had been in existence for four years was reversed, and the

Plaintiff's right to develop his property was taken away from him in a manner different from all other similarly situated defendants.  No other land owner was told he had to bring his property into compliance and if this required taking a structure down so be it.

Further the Defendants have argued that the § 1983 claim should be dismissed because the Plaintiff's have failed to allege any deprivation by the municipal defendants.

The meeting of the parties in March 11, 2002 and the pressure being put on the Defendant to issue a stop order against the Plaintiff and the fact that it issued eight days later, when the ZEO still believed that the plaintiff's project was permitted under the zoning by-law, is not simply a matter of conjecture it is fact.  The Plaintiff has shown that he had a lawful permit, the ZEO believed and believes it was valid under the a Town policy that had been in existence for four years.  The policy was abandoned, and enforcement action was started against the Plaintiff and only the Plaintiff ; and the Plaintiff alleges he was singled out because of an personal animosity against him and his son.

In summary the Plaintiff would argue that the action is not blocked by the state court's dicta, that the Plaintiff was not singled out, because this action includes action subsequent to that holding and the holding is simply erroneous.  The Plaintiff was singled out and the 1998 policy was simply rejected while the construction was in progress.  The state court's ruling is simply a legal ruling that a town is never barred from revising its interpretation of its own by law; and when it does so, it is not singling out the property owner; but this holding is

not permitted under the 5th Amendment; and under existing Massachusetts law.    See the Archambault case cited above.

But even if the Court were to reject the theory of recovery under an "equal protection" claim, the plaintiff has alleged enough to prove a First Amendment Claim.    See the Complaint summary and ¶¶ 9 and 10 and Exhibit "F" which is an excerpt from a deposition of the Defendant Sylvia in the Frates case; and shows that the writing on the wall was in fact very much a public matter

Finally, the Defendant has argued that the plaintiff has failed to exhaust his administrative remedies.    But they do not make it clear which remedies are in question; but simply state the Plaintiff has not complied with the Court's order.    Plaintiff assumes that the Defendants are referring to the case BRCV2002-480 since it is the only case the plaintiff is aware of that such an order entered. The Plaintiff complied with that order and then filed the two administrative appeals as describe above (DZBA #2002-36 and 43).    Both action were withdrawn with the permission of the Court since they pertained to the first Stop Order which the court had declared null and void.    After the second stop order, the Plaintiff filed an appeal at the BBRS, but the Town filed a motion to dismiss which has not been acted upon.    Under the holding in Patsy the Plaintiff does not believe he is required to do anything further.

THE PLAINTIFF
By his attorney

 S/ DONALD J. FLEMING
Donald J. Fleming, Esq.
86 Church Street
Mattapoisett, MA 02739
BBO# 171460
Tel 508 758 6982 Fax 598 758 3406

CERTIFCATE OF SERVICE
I, DONALD J. FLEMING HEREBY CERTIFY THAT A COPY OF THIS
PLEADING WAS SERVED BY E-MAIL ON ALL THE DEFENDANTS BUT
LANTINI
On the date shown following my name.

S/ Donald J. Fleming      date 5/31/05

JADLOWE OPPOSITION

EXHIBIT LIST

| EXHIBIT | | PAGE |
|---|---|---|
| A | Complaint and answer in BRCV 2002-408 | 13 |
| B | Docket in BRCV2002-408 | 21 |
| C | Complaint and answer in BRCV 2002-1048 | 30 |
| D | Docket BRCV2002-1048 | 44 |
| E | BBRS complaint | 52 |
| F | Excerpt from Sylvia Deposition | 63 |
| | | |

COMMONWEALTH OF MASSACHUSETTS
BRISTOL DIVISION OF THE SUPERIOR COURT TRIAL DEPARTMENT
DOCKET NO. CV-2002-00480 B

THOMAS JAMES JADLOWE
And
MARC JADLOWE

V.

TOWN OF DARTMOUTH
And
DAVID J. SILVEIRA the
BUILDING COMMISSIONER AND
ZONING ENFORCEMENT OFFICER of
The TOWN OF DARTMOUTH

## **COMPLAINT**

1) Your Plaintiffs are Thomas James Jadlowe and Marc Jadlowe both of Bristol County
   Massachusetts.

   Defendants Admit the allegations of the paragraph

2) Your defendants are the Town of Dartmouth a duly organized municipal corporation
   and David J. Silveira, the Building Commissioner and Zoning Enforcement Officer of
   the Town of Dartmouth.

   Defendants Admit the allegations of the paragraph

3) Your Plaintiff Thomas James Jadlowe (hereinafter called Thomas Jadlowe) is the
   owner of the real estate located at 30 Arch Street, Dartmouth Massachusetts which is
   shown as lot 157 on Exhibit "A", which is a copy of a portion of the assessors plans.

   Defendants Admit the allegations of the paragraph

4) Your Plaintiff Marc Jadlowe is his son and the person who was coordinating the
   construction at 30 Arch Street, Dartmouth.

   Defendants Admit the allegations of the paragraph

5) The property at 30 Arch Street was owned by Manuel C. Oliveira, who is Thomas Jadlowe's father-in-law.

Defendants Admit the allegations of the paragraph

6) The property at 30 Arch Street is situated in a residential district and consisted of a single family residence and an apartment to the rear, the two structures were joined by a cover running to a carousel and from the carousel to the main house.

Defendants Admit the allegations of the paragraph

7) This litigation pertains to what the Plaintiffs have described as the main house hereinafter called the "house").

Defendants Admit the allegations of the paragraph

8) Thomas purchased the real estate from his father in law in March of 2001. At that time two buildings the original house which was constructed about 1915 and the rear studio was built in the early fifties. The two structures were separated and in 1998 and 1990 the Plaintiff Marc Jadlowe converted the rear studio into an in-law apartment for his Grandfather Oliveira's use. At that time the buildings were connected by a wooden cover described above. The lot is 80 feet by 80 feet, which is consistent with lots in the neighborhood. See Exhibit "B".

Defendants Admit the allegations of the paragraph

9) On March 22, 2001 Thomas Jadlowe acting through his son Marc applied for a demolition permit, to demolish part of the front structure (hereinafter called the "house") at 30 Arch Street. At that point in time the idea was to remove the roof and gut the interior and possibly demolish part of the front of the house. See Exhibit "F".

Defendants Admit the allegations of the paragraph

10) The house was located only 4 feet from Arch Street. See Exhibits "C" and "D". While plans were being developed for the reconstruction of the house; Marc was advised by the Building Department that he could, if he wanted to, totally demolish the house and rebuild it. However he was advised that he would have to move the

structure westerly, keeping the same frontage setback of 4 feet so that the easterly side line would be at least 10 feet.

Defendants Admit the allegations of the paragraph

11) Marc Jadlowe developed plans for the house to be moved in a westerly direction so that the easterly sideline would then be 11 feet and the westerly sideline would be 46 feet and the rear yard would remain as 28 feet and the front line setback would remain at 4 feet.   See Exhibits "C" and "D" and page 3 of Exhibit "N".

Defendants Admit the allegations of the paragraph

12) On October 4, 2001 the Plaintiffs applied for an additional Demolition permit, to permit the demolition of the entire house.  Exhibit "F" page 2.

Defendants Admit the allegations of the paragraph

13) On October 4, 2001 the Plaintiffs applied for a Building Permit (construction permit not a demolition permit) and filed the necessary building plans.   That permit was approved on November 19, 2001.  See Exhibit "G".

Defendants Admit the allegations of the paragraph

14) Between March 2001 and November 19, 2001, the Plaintiffs caused the entire house to be taken down, all the gas service removed and the electrical services removed and the foundation was removed.  See Exhibit "H".

Defendants Admit the allegations of the paragraph

15) On December 11, 2001 the Plaintiffs submitted an as built plan showing the new location of the new foundation of the house.  See Exhibit "D".

Defendants Admit the allegations of the paragraph

16) On or about October 20, 2001 the Plaintiffs started construction of the new home and the exterior is about 65% completed see photographs attached to Marc Jadlowes' affidavit.

Defendants Admit the allegations of the paragraph

17) On January 11, 2002 the neighbor Frates who owns lot 159 as shown on Exhibit "A", went to the Building Department and examined the Plaintiffs' Building file and again on January 14, 2002.

The Defendants neither admit nor deny the allegations in paragraph 17 of the complaint as they have no knowledge concerning the same but they believe them to be true.

18) On January 20, 2002 Frates wrote to the Building Commissioner, the Defendant Silveira, and sought his review and enforcement of the Zoning By-law. See Exhibit "I".

Defendants Admit the allegations of the paragraph

19) On January 29, 2002 after review, the Building Commissioner sent a memo to the Town Counsel stating that the house construction at 30 Arch Street was permitted. See Exhibit "J".

Defendants Admit the allegations of the paragraph

20) On January 30, 2002 the Town Counsel sent a memo to the Building Commissioner agreeing with the Commissioner that the project at 30 Arch Street was permitted. See Exhibit "K".

Defendants Admit the allegations of the paragraph 20 of the Complaint, but in further answering state and allege that Town Counsel was not given all the facts necessary to give a correct legal opinion in the matter.

21) Plaintiffs have acquired what has been represented to them as the entire file from the Building Department on the house construction at 30 Arch Street and that file is attached to the Affidavit of Marc Jadlowe.

The Defendants neither admit nor deny the allegations in paragraph 17 of the complaint

as they have no knowledge that Plaintiff acquired the entire file.

22) The Building Department's file does not show that the Building Inspector ever notified the Ms. Frates of his decision on January 29, 2002; but both the Town Counsel's memo and the Building Commissioner's memo were forwarded to the Executive Secretary of the Town.

Defendants Admit the allegations of the paragraph 22 except that executive secretary should read "Executive Administrator".

23) On February 6, 2002 the Town Counsel reversed himself in a letter to the Board of Executive Secretary of the Town. See Exhibit "L".

Defendants Admit that Town Counsel changed his opinion concerning matters involved in this action after having received additional facts and having viewed the site and then issuing an opinion letter dated February 6, 2002, addressed and delivered to the Executive Administrator.

24) On March 13, 2002 the Building Commissioner who is the Zoning Enforcement Officer for the Town wrote to Ms. Frates and told her "after an extensive review" he found that the project had issues and he would notify the owner. See Exhibit "M".

Defendants Admit the allegations of the paragraph

25) On March 19, 2002 the Building Commissioner issued a cease and desist notice to both Plaintiffs and ordered them to cease work and to remove the work already done. Exhibit "N".

Defendants Admit the allegations of the paragraph

26) On or about April 12, 2002 the Town and Plaintiffs acting through their attorneys agreed to leave the administrative appeal period open while the Plaintiffs seek a declaration of rights as to the legality of the Building Commissioner's Order of March 19, 2002. See Exhibit "O".

Defendants Admit the allegations of the paragraph

27) G.L. c.40A § 6 reads in part as follows:
   "Section 6. **Except as hereinafter provided, a zoning ordinance or by-law shall not apply to structures or uses lawfully in existence**

   ~~or lawfully begun, or to a building or special permit issued before the first publication of notice of the public hearing on such ordinance or by-law required by section five,~~ **but shall apply to any change or substantial extension of such use**, to a building ~~or special permit issued after the first notice of said public hearing, to any reconstruction, extension or structural change of such structure and to any alteration of a structure begun after the first notice of said public hearing to provide for its use for a substantially different purpose or for the same purpose in a substantially different manner or to a substantially greater extent~~

**except where (the ) alteration, reconstruction, extension or structural change to a single or two-family residential structure does not increase the nonconforming nature of said structure**.

~~Pre-existing nonconforming structures or uses may be extended or altered, provided, that no such extension or alteration shall be permitted unless there is a finding by the permit granting authority or by the special permit granting authority designated by ordinance or by-law that such change, extension or alteration shall not be substantially more detrimental than the existing nonconforming use to the neighborhood."~~

Defendants Admit the sections of the statute set out in ¶ 27 of the complaint but deny the inference that that is the only portion of the statue to be considered in this action.

28) The Plaintiffs would argue that the statute exempts the work done by the Plaintiffs since the structure was in existence prior to the applicable Zoning ordinance and is a non conforming use, the reconstruction of which does not increase the nonconforming nature of the structure.

No answer required to paragraph of the complaint.

29) Beyond that the Plaintiffs would argue that the original interpretation of section 5.404 by the Building Inspector and the Town Counsel was correct.   Under 5.404 the house had existed prior to October 26, 1993 and could expand along the setback line until it intersects with another setback line.   In other words the house could be moved westerly along the four foot setback line that existed until it encroached on the westerly side line setback.

No answer required to paragraph of the complaint.

30) The Plaintiff Thomas Jadlowe had a constitutional right under the Massachusetts constitution to use and enjoy and develop his property.   He applied for and had been issued a Building Permit; that was a property right that could not be interfered with without due process.

Defendants deny the allegations of the paragraph

31) The Building Commissioner simply revoked the permit without notifying him that there was any question about the propriety of the issuance of the permit.

Defendants Admit so much of the allegations in the ¶ as allege that the Building Commissioner revoked the permit.

32) G.L. c.40A does not authorize the action taken; section 7 limits the power of the Building Commissioner in this situation.   The section reads in part:
"No action, suit or proceeding shall be maintained in any court, nor any administrative or other action taken to recover a fine or damages or to compel the removal, alteration, or relocation of any structure or part of a structure or alteration of a structure by reason of any violation of any zoning by-law or ordinance except in accordance with the provisions of this section, section eight and section seventeen; provided, further, that if real property has been improved

and used in accordance with the terms of the original building permit issued by a person duly authorized to issue such permits, no action, criminal or civil, the effect or purpose of which is to compel the abandonment, limitation or modification of the use allowed by said permit or the removal, alteration or relocation of any structure erected in reliance upon said permit by reason of any alleged violation of the provisions of this chapter, or of any ordinance or by-law adopted thereunder, shall be maintained, unless such action, suit or proceeding is commenced and notice thereof recorded in the registry of deeds for each county or district in which the land lies within six years next after the commencement of the alleged violation of law; and .- - -

The superior court shall have the jurisdiction to enforce the provisions of this chapter, and any ordinances or by-laws adopted thereunder, and may restrain by injunction violations thereof."

Defendants deny that MGL c.40A:7 is relevant in this situation and deny that it does not authorize the action taken by the Defendants.

33) The Building Commissioner was not authorized to simply issue an Order to demolish the building without a bringing a proceeding before this court.

Defendants deny the allegations of the paragraph

34) The Plaintiffs have completed approximately 85 per cent of the exterior, and about 50 per cent of the interior work.   Through no fault on the part of the Plaintiffs, the Town now tells them they must demolish the entire building since  according to the Town Counsel's letter the set back required for the house will be 30 feet.

Defendants Admit that substantial construction has occurred on the exterior and interior of the structure but deny that the cease and desist order requires the entire building to be demolished and refers to the language in the cease and desist order dated March 19, 2002, attached in the Plaintiff's complaint as Exhibit "N".

35) The Town has singled out the Plaintiffs for special treatment, and can not cite another case where a structure has been erected in Dartmouth in conformity with a Building Permit and the Town after the fact has ordered the structure demolished.

Defendants deny the allegations of the paragraph

36) The Town simply states that the Plaintiffs must apply not for a special permit but for a variance; but that relief is in fact discretionary in most cases; and is not an adequate remedy under the circumstances.

Defendants deny the allegations of the paragraph

37) The Plaintiff has in fact applied not applied for an administrative appeal pursuant to the agreement of counsel that the matter would be submitted to this Court to determine whether in fact the state statute applies and the work done by the Plaintiffs is lawful.

The Defendants admit so much of the allegations in paragraph 37 of the Complaint as

state and allege that counsel agree that this matter be submitted to the court for a determination as to whether state statute applies in accordance with the interpretation of Plaintiff's counsel.

Wherefore the Plaintiffs request this Court to issue a declaration of rights as to whether

    a.   the Building Commissioner can without any appropriate process revoke a lawful Building Permit and order the work done under the permit to be removed.

    b.   Whether under G.L. c.40A the work done by the Plaintiffs was permitted without any special permit or variance.

    c.   For the entry of such further order as justice may require.

    d.   To determine based on the affidavits submitted that the Building Commissioner exceed his authority and did not comply with G.L. c.40A and that he improperly issued the Cease and Desist Order and that under Section 6 of G.L. c.40A the work at 30 Arch Street is permitted and may be completed.

    e.   For the issuance of a short order of notice and on the Return of that Notice for the issuance of an injunction, ordering the Building Inspector to recall the cease and desist Order and allow the Plaintiffs to complete the construction in accordance with the Plans submitted to the Town and to occupy the house.

The Plaintiffs
By their attorney

_____

Donald J. Fleming, Esq.
Fleming & Ishihara, P.C.
86 Church Street
PO Box 396
Mattapoisett, MA 02739
BBO# 171460
Tel 508 758 6981 Fax 598 758 3406

# Commonwealth of Massachusetts
## SUPERIOR COURT
## Case Summary
## Civil Docket

## Jadlowe et al v Dartmouth Town of et al

Details for Docket: BRCV2002-00480

### Case Information

| | | | |
|---|---|---|---|
| **Docket Number:** | BRCV2002-00480 | **Caption:** | Jadlowe et al v Dartmouth Town of et al |
| **Filing Date:** | 04/18/2002 | **Case Status:** | Disposed: appeal pending |
| **Status Date:** | 11/25/2003 | **Session:** | CtRm 1 - (Fall River) |
| **Lead Case:** | NA | **Case Type:** | Most |

### Tracking Deadlines

| | | | |
|---|---|---|---|
| **TRK:** | A | **Discovery:** | 06/06/2004 |
| **Service Date:** | 07/17/2002 | **Disposition:** | 04/17/2005 |
| **Rule 15:** | 07/12/2003 | **Rule 12/19/20:** | 09/15/2002 |
| **Final PTC:** | 12/03/2004 | **Rule 56:** | 08/05/2004 |
| **Answer Date:** | 09/15/2002 | **Jury Trial:** | NO |

### Case Information

| | | | |
|---|---|---|---|
| **Docket Number:** | BRCV2002-00480 | **Caption:** | Jadlowe et al v Dartmouth Town of et al |
| **Filing Date:** | 04/18/2002 | **Case Status:** | Disposed: appeal pending |
| **Status Date:** | 11/25/2003 | **Session:** | CtRm 1 - (Fall River) |
| **Lead Case:** | NA | **Case Type:** | Declaratory judgement (231A) |

### Tracking Deadlines

| | | | |
|---|---|---|---|
| **TRK:** | A | **Discovery:** | 06/06/2004 |
| **Service Date:** | 07/17/2002 | **Disposition:** | 04/17/2005 |
| **Rule 15:** | 07/12/2003 | **Rule 12/19/20:** | 09/15/2002 |
| **Final PTC:** | 12/03/2004 | **Rule 56:** | 08/05/2004 |
| **Answer Date:** | 09/15/2002 | **Jury Trial:** | NO |

## Parties Involved

5 Parties Involved in Docket: BRCV2002-00480

**Party**     Opposition to motion to dismiss Counts One and Two with EXhibits

| | | | |
|---|---|---|---|
| **Involved:** | | **Role:** | Defendant |
| **Last Name:** | Dartmouth Town of | **First Name:** | |
| **Address:** | | **Address:** | |
| **City:** | | **State:** | |
| **Zip Code:** | | **Zip Ext:** | |
| **Telephone:** | | | |

| | | | |
|---|---|---|---|
| **Party Involved:** | | **Role:** | Defendant |
| **Last Name:** | Silveira, Building Commissioner & Zoning Enforcement Officer | **First Name:** | David J. |
| **Address:** | Dartmouth Building Department | **Address:** | 400 Slocum Road |
| **City:** | North Dartmouth | **State:** | MA |
| **Zip Code:** | 02747 | **Zip Ext:** | |
| **Telephone:** | | | |

| | | | |
|---|---|---|---|
| **Party Involved:** | | **Role:** | Other interested party |
| **Last Name:** | File Copy | **First Name:** | |
| **Address:** | | **Address:** | |
| **City:** | | **State:** | |
| **Zip Code:** | | **Zip Ext:** | |
| **Telephone:** | | | |

| | | | |
|---|---|---|---|
| **Party Involved:** | | **Role:** | Plaintiff |
| **Last Name:** | Jadlowe | **First Name:** | Marc |
| **Address:** | | **Address:** | |
| **City:** | | **State:** | MA |
| **Zip Code:** | | **Zip Ext:** | |
| **Telephone:** | | | |

| | | | |
|---|---|---|---|
| **Party Involved:** | | **Role:** | Plaintiff |
| **Last Name:** | Jadlowe | **First Name:** | Thomas James |
| **Address:** | | **Address:** | |
| **City:** | | **State:** | MA |
| **Zip Code:** | | **Zip Ext:** | |
| **Telephone:** | | | |

http://www.ma-trialcourts.org/tcic/fc/?app_ctx=print_docket                    5/25/2005

# Attorneys Involved

8 Attorneys Involved for Docket: BRCV2002-00480

| **Attorney Involved:** | | **Firm Name:** | |
|---|---|---|---|
| **Last Name:** | Birknes, Jr. | **First Name:** | John A |
| **Address:** | 400 Slocum Road | **Address:** | c/o Town Council Office |
| **City:** | Dartmouth | **State:** | MA |
| **Zip Code:** | 02747 | **Zip Ext:** | |
| **Telephone:** | 508-910-7100 | **Tel Ext:** | |
| **Fascimile:** | 508-910-7102 | **Representing:** | Silveira, Building Commissione Zoning Enforcement Officer, David J. (Defendant) |

| **Attorney Involved:** | | **Firm Name:** | |
|---|---|---|---|
| **Last Name:** | Birknes, Jr. | **First Name:** | John A |
| **Address:** | 400 Slocum Road | **Address:** | c/o Town Council Office |
| **City:** | Dartmouth | **State:** | MA |
| **Zip Code:** | 02747 | **Zip Ext:** | |
| **Telephone:** | 508-910-7100 | **Tel Ext:** | |
| **Fascimile:** | 508-910-7102 | **Representing:** | Silveira, Building Commissione Zoning Enforcement Officer, David J. (Defendant) |

| **Attorney Involved:** | | **Firm Name:** | |
|---|---|---|---|
| **Last Name:** | Hannon | **First Name:** | Joseph P |
| **Address:** | 400 Slocum Road | **Address:** | |
| **City:** | South Dartmouth | **State:** | MA |
| **Zip Code:** | 02748 | **Zip Ext:** | |
| **Telephone:** | 508-910-1881 | **Tel Ext:** | |
| **Fascimile:** | | **Representing:** | Dartmouth Town of, (Defenda |

| **Attorney Involved:** | | **Firm Name:** | FLEM03 |
|---|---|---|---|
| **Last Name:** | Fleming | **First Name:** | Donald J |
| **Address:** | 86 Church Street | **Address:** | |
| **City:** | Mattapoisett | **State:** | MA |
| **Zip Code:** | 02739 | **Zip Ext:** | |
| **Telephone:** | 508-758-6982 | **Tel Ext:** | |

Opposition to motion to dismiss Counts One and Two with EXhibits
Page 23 of 64

| | | | |
|---|---|---|---|
| **Fascimile:** | 508-758-3406 | **Representing:** | Jadlowe, Thomas James (Plaintiff) |

| | | | |
|---|---|---|---|
| **Attorney Involved:** | | **Firm Name:** | |
| **Last Name:** | Birknes, Jr. | **First Name:** | John A |
| **Address:** | 400 Slocum Road | **Address:** | c/o Town Council Office |
| **City:** | Dartmouth | **State:** | MA |
| **Zip Code:** | 02747 | **Zip Ext:** | |
| **Telephone:** | 508-910-7100 | **Tel Ext:** | |
| **Fascimile:** | 508-910-7102 | **Representing:** | Dartmouth Town of, (Defenda |

| | | | |
|---|---|---|---|
| **Attorney Involved:** | | **Firm Name:** | |
| **Last Name:** | Birknes, Jr. | **First Name:** | John A |
| **Address:** | 400 Slocum Road | **Address:** | c/o Town Council Office |
| **City:** | Dartmouth | **State:** | MA |
| **Zip Code:** | 02747 | **Zip Ext:** | |
| **Telephone:** | 508-910-7100 | **Tel Ext:** | |
| **Fascimile:** | 508-910-7102 | **Representing:** | Dartmouth Town of, (Defenda |

| | | | |
|---|---|---|---|
| **Attorney Involved:** | | **Firm Name:** | |
| **Last Name:** | Hannon | **First Name:** | Joseph P |
| **Address:** | 400 Slocum Road | **Address:** | |
| **City:** | South Dartmouth | **State:** | MA |
| **Zip Code:** | 02748 | **Zip Ext:** | |
| **Telephone:** | 508-910-1881 | **Tel Ext:** | |
| **Fascimile:** | | **Representing:** | Silveira, Building Commissione Zoning Enforcement Officer, David J. (Defendant) |

| | | | |
|---|---|---|---|
| **Attorney Involved:** | | **Firm Name:** | BEAU01 |
| **Last Name:** | Beauregard | **First Name:** | Philip N |
| **Address:** | 32 Williams Street | **Address:** | PO Box 952 |
| **City:** | New Bedford | **State:** | MA |
| **Zip Code:** | 02741 | **Zip Ext:** | 0952 |
| **Telephone:** | 508-993-0333 | **Tel Ext:** | |

Opposition to motion to dismiss Counts One and Two with Exhibits

Silveira, Building Commissione

http://www.ma-trialcourts.org/tcic/fc/?app_ctx=print_docket                    5/25/2005

| **Fascimile:** | 508-990-2045 | **Representing:** | Zoning Enforcement Officer, David J. (Defendant) |
|---|---|---|---|

## Calendar Events

23 Calendar Events for Docket: BRCV2002-00480

| No. | Event Date: | Event Time: | Calendar Event: | SES: | Event Status: |
|---|---|---|---|---|---|
| 1 | 04/25/2002 | 14:00 | Motion/Hearing: order of notice | B | Event held as scheduled |
| 2 | 07/29/2002 | 14:00 | Conf: final pre-trial | B | Event held as scheduled |
| 3 | 08/21/2002 | 09:00 | TRIAL: by jury | B | Event canceled not re-schedule |
| 4 | 09/03/2002 | 14:00 | Motion/Hearing: Withdraw as Atty | C | Event not reached by Court |
| 5 | 09/03/2002 | 14:00 | Motion/Hearing: Withdraw as Atty | B | Event moved to another session |
| 6 | 09/19/2002 | 14:00 | Motion/Hearing: Withdraw as Atty | B | Event held as scheduled |
| 7 | 03/10/2003 | 09:00 | TRIAL: by jury | B | Event not reached by Court |
| 8 | 05/19/2003 | 09:00 | TRIAL: by jury | C | Event not reached by Court |
| 9 | 06/04/2003 | 09:00 | TRIAL: by jury | B | Event rescheduled by court prior date |
| 10 | 07/21/2003 | 09:00 | TRIAL: jury waived | C | Event not reached by Court |
| 11 | 07/31/2003 | 09:00 | TRIAL: non-jury | A | Event held as scheduled |
| 12 | 08/15/2003 | 08:30 | TRIAL: non-jury | A | Trial begins |
| 13 | 08/18/2003 | 08:30 | TRIAL: jury waived | A | Event continues over Multiple D |
| 14 | 08/19/2003 | 08:30 | TRIAL: jury waived | A | Event continues over Multiple D |
| 15 | 08/20/2003 | 08:30 | TRIAL: jury waived | A | Event continues over Multiple D |
| 16 | 08/21/2003 | 08:30 | TRIAL: non-jury | A | Event continues over Multiple D |
| 17 | 08/25/2003 | 08:30 | TRIAL: non-jury | A | Event continues over Multiple D |
| 18 | 08/26/2003 | 08:30 | TRIAL: non-jury | A | Event continues over Multiple D |
| 19 | 08/27/2003 | 08:30 | TRIAL: non-jury | A | Event continues over Multiple D |
| 20 | 08/28/2003 | 08:30 | TRIAL: non-jury | A | Trial ends |
| 21 | 09/15/2003 | 09:00 | TRIAL: non-jury | A | Event canceled not re-schedule |
| 22 | 10/02/2003 | 14:00 | TRIAL: non-jury | A | Event held as scheduled |
| 23 | 11/24/2003 | 08:30 | Motion/Hearing: Rule12 to Dismiss | A | Event held as scheduled |

## Full Docket Entries

Opposition to motion to dismiss Counts One and Two with EXhibits
Page 25 of 64

137 Docket Entries for Docket: BRCV2002-00480

| Entry Date: | Paper No: | Docket Entry: |
|---|---|---|
| 04/18/2002 | 1 | Complaint & civil action cover sheet filed |
| 04/18/2002 | | Origin 1, Type D13, Track A. |
| 04/18/2002 | 2 | Plaintiff Thomas James Jadlowe's Exparte MOTION for Short Order of |
| 04/18/2002 | 2 | Notice |
| 04/18/2002 | 3 | Plaintiff Thomas James Jadlowe, Marc Jadlowe's MOTION for Preliminary |
| 04/18/2002 | 3 | Injunction and Memorandum in support. |
| 04/18/2002 | 4 | Affidavit of Marc Jadlowe. |
| 04/18/2002 | 5 | Summons and order of notice issued; returnable April 25, 2002 |
| 04/24/2002 | | SERVICE RETURNED: David J. Silveira, Bldg. Commissioner & Zon. |
| 04/24/2002 | | Enforcement Officer for Dartmouth Town of (Defendant) on Summons |
| 04/24/2002 | | and Order of Notice (#5) |
| 04/25/2002 | 6 | Memorandum in Opposition to Preliminary Injunction filed by Dartmouth |
| 04/25/2002 | 6 | Town of, David J. Silveira, Building Commissioner & Zon. Enforcement |
| 04/25/2002 | 6 | Officer |
| 05/03/2002 | | MOTION (P#3) see memorandum dated May 3, 2002. (Mitchell Sikora, |
| 05/03/2002 | | Justice) Notices mailed May 08, 2002 |
| 05/03/2002 | 7 | RULINGS AND ORDER Resulting from the Plffs' Application for |
| 05/03/2002 | 7 | Preliminary Injuntive Relief (Mitchell Sikora, Justice) |
| 05/03/2002 | | Notice sent to appear for pre-trial conference on July 29, 2002 |
| 05/03/2002 | | Notice sent to appear for trial by jury on August 21, 2002 |
| 05/08/2002 | 8 | ANSWER: Dartmouth Town of and David J. Silveira, Bld. Commissioner |
| 05/08/2002 | 8 | and Zon. Enforcement Officer. (Defendants) |
| 07/19/2002 | 9 | Atty Joseph P Hannon's notice of appearance for Defts. |
| 07/19/2002 | 10 | Atty John A Birknes, Jr.'s withdrawal of appearance filed re: Defts. |
| 07/29/2002 | 11 | Joint pre-trial memorandum filed. |
| 07/29/2002 | 12 | Joint motion for MRCP Rule 16 Pre-trial order clarifying the trial |
| 07/29/2002 | 12 | issues. |
| 08/19/2002 | 13 | Attorney, Joseph P Hannon's MOTION to withdraw as counsel of record |
| 08/19/2002 | 13 | for Dartmouth Town of; Deft., David J. Silveira, Building |
| 08/19/2002 | 13 | Commissioner's Opposition |
| 08/19/2002 | 14 | Defendant Dartmouth Town of's emergency MOTION to Reschedule Trial. |
| 08/20/2002 | 15 | Opposition to Motion to Withdraw filed by Thomas James Jadlowe, Marc |
| 08/20/2002 | 15 | Jadlowe |
| 08/20/2002 | | Notice sent to appear on September 03, 2002 for a hearing on Deft., |
| 08/20/2002 | | David J. Silveira's Atty.'s Motion to Withdraw and Deft., Town of |
| 08/20/2002 | | Dartmouth's Emergency Motion to Reschedule Trial. |
| 09/04/2002 | | Notice sent to appear on September 19, 2002 for a hearing on Deft., |
| 09/04/2002 | | David J. Silveira's Motion to Withdraw. |

Opposition to motion to dismiss Counts One and Two with EXhibits
Page 26 of 64

| 09/23/2002 | | Pleading #13, Motion to Withdraw By Counsel, endorsed as follows: |
| 09/23/2002 | | 9/23/02 Allowed, effective upon the appearance of successor counsel, |
| 09/23/2002 | | provided either by the town or by defendant Silveira or otherwise, or |
| 09/23/2002 | | upon defendant's waiver of counsel. Toomey, J., MAF |
| 09/25/2002 | 16 | Attorney Donald J Fleming for Thomas James Jadlowe, Notice of change |
| 09/25/2002 | 16 | of address |
| 01/06/2003 | | Notice sent to appear for trial by jury on March 10, 2003 |
| 03/21/2003 | 17 | Defendant Dartmouth Town of's MOTION to continue Trial |
| 03/21/2003 | | Motion (P#17) ALLOWED - trial continued to May 19, 2003. (John J. |
| 03/21/2003 | | Connor, Justice) Notices mailed March 21, 2003 |
| 03/21/2003 | 18 | Defendant Dartmouth Town of's MOTION to consolidate with 2002-01048 |
| 03/21/2003 | 18 | James Jadlow v. Zoning Board of Appeals of Dartmouth. |
| 03/21/2003 | | Motion (P#18) ALLOWED by agreement. (David A. McLaughlin, Justice) |
| 03/21/2003 | | Notices mailed March 21, 2003 |
| 03/21/2003 | | Notice sent to appear for trial by jury on May 19, 2003 |
| 05/22/2003 | | Notice sent to appear for non-jury trial on July 21, 2003 |
| 07/31/2003 | | Notice sent to appear for non-jury trial on September 15, 2003 |
| 07/31/2003 | 19 | Defts' Motion for View. |
| 07/31/2003 | 20 | Facts agreed to by the Parties. |
| 07/31/2003 | 21 | Plffs' Preliminary Memo of trial filed |
| 07/31/2003 | 22 | Plffs Request for Findings of Fact. |
| 07/31/2003 | 23 | ORDER to provide counsel and this order issued after hearing and with |
| 07/31/2003 | 23 | the consent of July 31, 2003 counsel for the town of Dartmouth. (E. |
| 07/31/2003 | 23 | Susan Garsh, Justice) |
| 07/31/2003 | | MOTION (P#5 2002-01048) DENIED (E. Susan Garsh, Justice) |
| 07/31/2003 | | MOTION (P#6 2002-01048) DENIED (E. Susan Garsh, Justice) |
| 07/31/2003 | | MOTION (P#7 2002-01048) DENIED as untimely filed. (E. Susan Garsh, |
| 07/31/2003 | | Justice) |
| 08/15/2003 | 24 | Atty Philip N Beauregard's notice of appearance for David J. |
| 08/15/2003 | 24 | Silveira, Building Commissioner & Zon. Enforcement Officer |
| 08/15/2003 | 25 | Atty Joseph P Hannon's withdrawal of appearance filed re: David J. |
| 08/15/2003 | 25 | Silveira, Building Commissioner & Zon. Enforcement Officer |
| 09/25/2003 | 26 | Post Trial Memorandum filed by David J. Silveira, Building |
| 09/25/2003 | 26 | Commissioner & Zon. Enforcement Officer |
| 09/30/2003 | 27 | Plffs' Post Trial Memorandum. |
| 09/30/2003 | 28 | Plffs' Request for Findings of Fact. |
| 09/30/2003 | 29 | Plffs' Request for Rulings of Law. |
| 10/02/2003 | 30 | Defendant's Memo of trial filed. |
| 10/02/2003 | 31 | Plaintiffs' agreement as to Town of Dartmouth's request for findings |
| 10/02/2003 | 31 | and rulings. |
| 10/02/2003 | 32 | Town of Dartmouth's agreement as to the Plaintiffs' request for |

Opposition to motion to dismiss Counts One and Two with EXhibits

| | | |
|---|---|---|
| 10/02/2003 | 32 | findings of fact. |
| 10/02/2003 | 33 | Town of Dartmouth's agreement as to Plaintiffs' request for rulings |
| 10/02/2003 | 33 | of law. |
| 10/03/2003 | | Hearing on Jury Waived trial (final argument)) held, matter taken |
| 10/03/2003 | | under advisement. (E. Susan Garsh, Justice) |
| 10/09/2003 | 34 | Plaintiffs' supplemental post trial memorandum (photocopy sent to |
| 10/09/2003 | 34 | Garsh, J. @ Edgartown). |
| 10/10/2003 | 35 | Town of Dartmouth's supplementary memorandum on the town's standing |
| 10/10/2003 | 35 | (photocopy sent to Garsh, J. @ Edgartown) |
| 10/14/2003 | 36 | Defendant David J. Silveira's Final Post-Trial Memorandum of law |
| 10/14/2003 | 36 | (photocopy sent to Garsh, J. @ Edgartown). |
| 10/14/2003 | 37 | Defendant David J. Silveira's statement of agreement/disagreement |
| 10/14/2003 | 37 | with Parties' requests for rulings of law. (photocopy sent to Garsh, |
| 10/14/2003 | 37 | J. @ Edgartown). |
| 10/30/2003 | 37 | Findings: of Fact, Ruling of Law and Order of Judgment (Robert J. |
| 10/30/2003 | 37 | Kane, Justice) |
| 11/05/2003 | 38 | JUDGMENT: It is Ordered, Adjudged and Declared that: 1) The Cease |
| 11/05/2003 | 38 | and Desist Order and the Removal Order issued by the Building |
| 11/05/2003 | 38 | Commissioner on March 19, 2002 is Null and Void; 2) James Jadlow is |
| 11/05/2003 | 38 | permitted to file with the Building Department of the Town of |
| 11/05/2003 | 38 | Dartmouth, by November 21, 2003, an Amended Site Plan showing the |
| 11/05/2003 | 38 | connection between the proposed new construction and what is |
| 11/05/2003 | 38 | designated on that Site Plan as "exist apartment" and "existing |
| 11/05/2003 | 38 | gazebo" which Site Plan, if filed, shall be deemed to have been filed |
| 11/05/2003 | 38 | as of the date of the original Site Plan; 3) The Building |
| 11/05/2003 | 38 | Commissioner may not order the work done under the building permit to |
| 11/05/2003 | 38 | be removed; but further that he is not precluded from seeking a |
| 11/05/2003 | 38 | removal order from the Superior Court; 4) The plaintiffs shall not |
| 11/05/2003 | 38 | proceed with further work under the building permit before 4:00 p.m. |
| 11/05/2003 | 38 | on December 1, 2003 to permit the initiation of any appropriate |
| 11/05/2003 | 38 | enforcement action under the Bylaw, from which timely appeals to the |
| 11/05/2003 | 38 | ZBA may be prosecuted, and judicial review of any enforcement |
| 11/05/2003 | 38 | decisions by that Board may be sought. (E. Susan Garsh, Justice) |
| 11/21/2003 | 39 | Plaintiffs' certificate of compliance re: filing with the Dartmouth |
| 11/21/2003 | 39 | Building Department on November 20, 2003 the required site plan |
| 11/21/2003 | 39 | showing the connection between the front and rear of the structure @ |
| 11/21/2003 | 39 | 30 Arch Street, Dartmouth MA. |
| 11/21/2003 | 40 | Plaintiffs, Thomas James Jadlowe and Marc Jadlowe's notice of appeal |
| 11/21/2003 | 40 | of judgment dated November 5, 2003 and the decision of the Court and |
| 11/21/2003 | 40 | Order of the Court dated October 30, 2003. |
| 11/24/2003 | 41 | Information to Court and Parties: Two requests for zoning enforcement |

Opposition to motion to dismiss Counts One and Two with EXhibits

| 11/24/2003 | 41 | directed to the Town Building Department from the Town Planning Board |
| 11/24/2003 | 41 | and certain individuals were received by the Building Department on |
| 11/24/2003 | 41 | November 18, 2003. |
| 11/25/2003 | 42 | Defendant David J. Silveira, Building Commissioner & Zoning |
| 11/25/2003 | 42 | Enforcement Officer's notice of appeal from the Judgment entered on |
| 11/25/2003 | 42 | November 5, 2003, (and all subsidiary findings, rulings and orders). |
| 12/01/2003 | 43 | Notice of filing of appeal sent (Plaintiffs Thomas James Jadlowe and |
| 12/01/2003 | 43 | Marc Jadlowe's Notice of Appeal) |
| 12/01/2003 | 44 | Notice of filing of appeal sent (Defendant David J. Silveira, the |
| 12/01/2003 | 44 | Building Commissioner and Zoning Enforcement Officer of the Town of |
| 12/01/2003 | 44 | Dartmouth's Notice of Appeal |
| 12/11/2003 | 45 | Certification of transcript ordered from Court Reporter Lentini, |
| 12/11/2003 | 45 | Jeanne |
| 04/08/2004 | 46 | Plaintiffs' ex parte MOTION to compel stenographer, Jeanne E. |
| 04/08/2004 | 46 | Lentini, to deposit funds - ALLOWED. The subject funds are to be |
| 04/08/2004 | 46 | deposited with the Court within -14- days. (Moses, J.) (Certified |
| 04/08/2004 | 46 | copy mailed to Jeanne E. Lentini on April 9, 2004) |

Opposition to motion to dismiss Counts One and Two with EXhibits
Page 29 of 64

/ ⌐

COMMONWEALTH OF MASSACHUSETTS
BRISTOL DIVISION OF THE SUPERIOR COURT TRIAL DEPARTMENT
DOCKET NO. BRCV 2002-1048


THOMAS JAMES JADLOWE


V.


ZONING BOARD OF APPEAL OF THE TOWN OF DARTMOUTH
Consisting of
JOSEPH L. CONSENTION, ESQ. CHAIRMAN
WILLIAM WHIPP
MARGARET SWEET
And
DAVID J. SILVEIRA the
BUILDING COMMISSIONER AND
ZONING ENFORCEMENT OFFICER of
The TOWN OF DARTMOUTH


COMPLAINT FOR REVIEW PURSUANT TO G.L. c.40A

1) Your Plaintiff is Thomas James Jadlowe of Bristol
County Massachusetts

2)  Your Defendants are:

a)  The Dartmouth Zoning Board of Appeals consisting of

i)  Joseph L. Cosentino, Esq. Chairman, William Whipp,
Margaret Sweet who are in this action sued in their
official capacity only;

ii)  David J. Silveira Building Commissioner for the
Town of Dartmouth, who is joined in his official
capacity only and is joined only because he was a
party in ZBA appeals hereinafter described.

3) This Court Ordered the Plaintiff to file a zoning
appeal with the ZBA with regard to the a cease and
desist order filed by the Building Inspector  See
Exhibit "A".


1

4) The Plaintiff complied with the Court's Order and the ZBA denied both an administrative appeal and a request for a special permit under G.L. c.40A:6.

5) Certified copies of the two decisions are attached as required by G.L. c.40A:17.  See Exhibits "B" and "C".

6)  The Decision of the Zoning Board of Appeals exceeds the authority of the Board.

7) The project for the construction of a dwelling is permitted as a matter of law, by both G.L. c.40A:6 and by the Town Zoning By-law; and the Zoning Enforcement office has so testified both at his deposition and at the ZBA hearing.   The ZBA and the individual members ignored that testimony and in order to block the Plaintiff's rights for relief because he had been denied equal protection of the laws as guaranteed by the state constitution and his claim his property rights had been interfered with, the individual members thereby acted outside the scope of their authority, and forced the Plaintiff to file a separate appeal for a Special Permit under G.L. c.40A:6 and made findings in bad faith and with the sole intent to harass the Plaintiff in his appeal and punish him for taking the appeal.

8) Plaintiff believes that the some or all of the ZBA members have in fact had ex parte communications with third parties and have taken evidence outside of the hearing thereby denying the Plaintiff his right of due process as guaranteed by the Massachusetts Constitution.

9)  For these reasons the Plaintiff alleges that the decisions of the Board were made in bad faith and/or with gross negligence, and/or with malice.

2

10)    Since the Plaintiff's cause of action is limited
by the special provisions of G.L. c.40A he has not
sought damages against the individual members for the
loss of his property and or property rights or the
violation of his constitutional rights, but reserves
the right to do so.

Wherefore the Plaintiffs ask this Court to:
a.  declare the Decision of the ZBA to be a nullity; and to
annul the decision, and to                          .
b. enter a judgment that the Plaintiffs have a right to
build the proposed structure, and
c. to award costs to the Plaintiff together with attorney
fees.


Thomas James Jadlowe
By his attorney


_____    8/29/62
Donald J. Fleming, Esq.
Fleming & Ishihara, P.C.
86 Church Street
PO Box 396
Mattapoisett, MA 02739
Tel 508 758 6981   Fax 508 758 3406
BBO# 1271460

3

COMMONWEALTH OF MASSACHUSETTS

BRISTOL, SS.

MARC J. SANTOS, ESQ.
CLERK/MAGISTRATE

SUPERIOR COURT
CIVIL ACTION
NO. 02-0480

THOMAS J. JADELOWE and
MARC JADELOWE,

Plaintiffs,

V.

TOWN OF DARTMOUTH
and
DAVID J. SILVEIRA,
as Building Commissioner and
Zoning Enforcement Officer
of the Town of Dartmouth,

Defendants.

RULINGS AND ORDERS RESULTING FROM
THE PLAINTIFFS' APPLICATION FOR
PRELIMINARY INJUNCTIVE RELIEF.



1

## RULINGS and ORDERS.

Upon consideration of the Complaint, the Affidavit of Marc Jadelowe including all exhibits, the municpal defendants' Memorandum in Opposition to Preliminary Injunction, and the arguments presented and discussion conducted at the injunction hearing of April 25, 2002, the court rules and orders as follows.

1.    It preliminarily enjoins the defendant Town of Dartmouth, including any of its agencies and officers, from the demolition of the structure at 30 Arch Street.

2.    It preliminarily enjoins the plaintiffs Thomas J. Jadelowe and Marc Jadelowe from further construction of the building at 30 Arch Street until further action of the court.

3.    It authorizes the plaintiff Jadelowes to take all reasonable measures to safeguard the structure against the weather and to render the building and its contents secure.

4.    The court directs all parties expeditiously to exhaust their administrative rights and remedies in the Dartmouth Board of Appeals. An examination of the court

2

papers filed to date indicates that elements of fact-finding and specialized discretionary

judgment may enable the Board of Appeals to resolve the present dispute. That

potentiality requires the exhaustion of administrative remedies before resort to the court.

See East Chop Tennis Club v. MCAD, 364 Mass. 444, 448-453 (1973); and Buteau v.

Norfolk County Retirement Board, 3 Mass. App. Ct. 391, 394-395 (1979) Alternatively,

if the decision of the Board leaves the plaintiffs aggrieved, they may pursue their claims

in this court by amendment to this suit to reflect any intervening action by the Board. In

all events the Board proceeding should advance swiftly so that the present uncertainty

does not drag forward with harm to the property of the plaintiffs and to the public interest

invoked by the defendant building commissioner.

5.    Out of concern for the need for speed (so that the partially constructed

residence does not remain in limbo through the next winter), the court (after consultation

with counsel at the hearing of April 25, 2002) sets the following schedule for litigation

progress. The schedule can proceed in combination with the presentation to the Board of

Appeals.

(a)    Completion of discovery by June 21, 2002.

3

(b)     Joint Pretrial Memorandum and Conference due on July 29,

2002.


(c)     Trial on August 21, 2002.


6.     The issues of fact and law are finite and known to both sides. They should

cooperate for their common interests in the efficient presentation of the dispute to the

Board and, if necessary, the court.


Mitchell J. Sikora, Jr.
Justice of the Superior Court

Dated:

se c Court Sikora findings maceux evowment Dartmouth wod

A True Copy By Photostatic Process
Attest:

_____
Asst. Clerk of Courts

## *Town of Dartmouth*

400 Slocum Road • P.O. Box 79399
Dartmouth, Massachusetts 02747

RECEIVED

OFFICE OF THE ZONING
BOARD OF APPEALS
TEL: 910-1823

DECISION TO BOARD OF APPEALS CASE #2002-36

2002 AUG 16 P 2: 25

ADMINISTRATIVE APPEAL OF THOMAS J. JADLOWE VS. DARTMOUTH TOWN CLERK
DARTMOUTH BUILDING COMMISSION
CASE NUMBER #2002-36

There was a Board of Appeals hearing open to the public held in MEETING ROOM #304, TOWN OFFICE BUILDING, 400 SLOCUM ROAD, NORTH DARTMOUTH. MA, on Tuesday, August 13, 2002 at 5:00 P.M. on the application of Thomas J Jadlowe of Dartmouth for an administrative appeal from the zoning by-laws of the Town of Dartmouth to overturn the Building Commissioners decision as to the issuance of a Cease & Desist to stop work on property located at 30 Arch Street, South Dartmouth and allow construction of the single family dwelling in the General Residence District. (Section-27.500- Appeals of Enforcement decision, MGL Chapter 40A, section 6 & 5.404) PLAT: 128, LOT: 157.

Present were Chairman Joseph L. Cosentino, William D. Whipp and Margaret A. Sweet.

### DECISION

It was the unanimous decision of the Board of Appeals to **UPHOLD** the Building Commissioner/Zoning Enforcement Officer, David J. Silveira. in his decision to issue a Cease & Desist to Thomas Jadlowe to stop work on property located at 30 Arch Street, South Dartmouth and allow construction of the single family dwelling in the General Residence District. (Section-27.500- Appeals of Enforcement decision, MGL Chapter 40A, section 6 & 5.404) PLAT: 128, LOT: 157.

The Board made a finding that the Building Commissioner stated at our hearing of August 13, 2002 that it was in fact his policy to follow the advice of Town Counsel in zoning and building issues.

The Board made a finding that the Building Commissioner has the full power and authority to rescind his cease and desist order at his sole determination.

The Board made a finding that the Zoning Board of Appeals has no inherent power to order the Building Commissioner to perform any act.

The Board made a finding that the building commissioner stated that he was following the advice and directive of prior Town Counsel John A Birkness, Jr. per his correspondence of February 6, 2002.

The Board made a finding that they agree with the advice and conclusion of Attorney Birkness in his correspondence of February 6, 2002 that in fact the cease and desist order was properly issued and should remain in full force and effect.



16

No variance or special permit, or any extension, modification or renewal thereof, shall take effect until a copy of the decision bearing the certification of the Town Clerk that 20 days have elapsed and no appeal has been filed or that if said appeal has been filed, that it has been dismissed or denied, is recorded in the registry of deeds for the county and district in which the land is located and indexed in the grantor index under the name of the owner of record or is recorded and noted on the owner's certificate of title.

The fee for recording or registering shall be paid by the owner or applicant.

Appeals, if any, shall be made pursuant to Section 17 of the Massachusetts General Laws, Chapter 40A, and shall be filed within 20 days after date of filing of such notice in the office of the Town Clerk.

If the rights authorized by a variance are not exercised within one year of the date of grant of such variance they shall lapse; provided, however, that the permit granting authority in its discretion and upon written application by the grantee of such rights may extend the time for exercise of such for a period not to exceed six months; and provided, further, that the application for such extension is filed with such permit granting authority prior to the expiration of such one year period. If the permit granting authority does not grant such extension within thirty days of the date of application therefor, and upon the expiration of the original one year period, such rights may be reestablished only after notice and a new hearing pursuant to the provisions of this section.

Copies of the complete minutes of this hearing are available, upon request, at the office of the Board of Appeals.

JOSEPH L. COSENTINO
CHAIRMAN

Date _____ AUG 2 1 2002

A true and exact copy

17

*Town of Dartmouth*

400 Slocum Road • P.O. Box 79399
Dartmouth, Massachusetts 02747

RECEIVED

DECISION TO BOARD OF APPEALS CASE #2002-43

2002 AUG 20  A 11: 23

OFFICE OF THE ZONING
BOARD OF APPEALS
TEL: 910-1823

SPECIAL PERMIT HEARING FOR THOMAS JAMES JADLOWE
CASE NUMBER #2002-43      DARTMOUTH TOWN CLERK

There was a Board of Appeals hearing open to the public held in MEETING ROOM #304, TOWN OFFICE BUILDING, 400 SLOCUM ROAD, NORTH DARTMOUTH, MA, on Tuesday, August 13, 2002 at 7:15 P.M. on the application of Thomas J. Jadlowe of South Dartmouth for a special permit from the zoning bylaws of the Town of Dartmouth to allow the enlargement of the former dwelling within the previous four-foot front setback line and construct a new dwelling within the front setback which does not comply with current zoning regulations for property located at 30 Arch Street, South Dartmouth in a General Residence District. (Section-5.404-Setbacks, 3B.200-Non-Conforming Structures, and MGL c.40A: 6) PLAT: 128, LOT: 157.

Present were Chairman Joseph L. Cosentino, William D. Whipp and Margaret A. Sweet.

DECISION

It was the unanimous decision of the Board of Appeals to **DENY** the request of the petitioner, Thomas J. Jadlowe to allow the enlargement of the former dwelling within the previous four-foot front setback line and construct a new dwelling within the front setback which does not comply with current zoning regulations.

The Board made a finding that the petitioner in his original application filed with the board sought relief by variance, special permit and administrative appeal.

The Board made a finding that the petitioner in his initial application only paid the filing fee for an administrative appeal that was properly advertised and heard.

The Board made a finding that the petitioner subsequent to the initial hearing filed his application for said special permit and paid appropriate fee.

The Board made a finding that the petitioner never filed an application for a variance and paid no filing fee for a variance.

The Board made a finding that the Board of Appeals neither ordered the Petitioner to file for said special permit nor has the power to do so.

The Board made a finding that the petitioner at said hearing on said special permit despite the opportunity to do so, presented no factual evidence as to the issue of whether the expansion of said structure would be detrimental to the immediate area but instead only presented his argument that as a matter of law the Board was required to grant the special permit.



C

S

The Board made a finding that the structure is 33 feet tall and not 29 feet as the razed structure was.

The Board made a finding that plans indicate that the structure in the process of being constructed is about three times the square footage of the previously razed building.

The Board made a finding that the size and location of the structure on the very small lot is detrimental to the abutters and to the neighborhood.

The Board found that there is no plan on record in the Building Department office or file that shows any connection of the two free standing structures to each other on this lot.

No variance or special permit, or any extension, modification or renewal thereof, shall take effect until a copy of the decision bearing the certification of the Town Clerk that 20 days have elapsed and no appeal has been filed or that if said appeal has been filed, that it has been dismissed or denied, is recorded in the registry of deeds for the county and district in which the land is located and indexed in the grantor index under the name of the owner of record or is recorded and noted on the owner's certificate of title.

The fee for recording or registering shall be paid by the owner or applicant.

Appeals, if any, shall be made pursuant to Section 17 of the Massachusetts General Laws, Chapter 40A, and shall be filed within 20 days after date of filing of such notice in the office of the Town Clerk.

If the rights authorized by a variance are not exercised within one year of the date of grant of such variance they shall lapse; provided, however, that the permit granting authority in its discretion and upon written application by the grantee of such rights may extend the time for exercise of such for a period not to exceed six months; and provided, further, that the application for such extension is filed with such permit granting authority prior to the expiration of such one year period. If the permit granting authority does not grant such extension within thirty days of the date of application therefor, and upon the expiration of the original one year period, such rights may be reestablished only after notice and a new hearing pursuant to the provisions of this section.

Copies of the complete minutes of this hearing are available, upon request, at the office of the Board of Appeals.

JOSEPH L. COSENTINO
CHAIRMAN

AUG 2 1 2002

9

COMMONWEALTH OF MASSACHUSETTS
BRISTOL DIVISION OF THE SUPERIOR COURT TRIAL DEPARTMENT
DOCKET NO. B02-0480

```
* * * * * * * * * * * * * * * * * * * * * * * * * *
THOMAS JAMES JADLOWE              *
And MARC JADLOWE,                 *
                  Plaintiffs      *     Answer of Defendant Town of
                                  *     Dartmouth and David J. Silveira,
                  V.              *     Building Commissioner and Zoning
                                  *     Enforcement Officer
TOWN OF DARTMOUTH                 *
And DAVID J. SILVEIRA the         *
BUILDING COMMISSIONER and         *
ZONING ENFORCEMENT OFFICER of     *
The TOWN OF DARTMOUTH,            *
                  Defendants      *
* * * * * * * * * * * * * * * * * * * * * * * * * *
```

Now come the Defendants in the above entitled matter, through their attorney, and make answer to the Plaintiffs' complaint as follows:

1.    The Defendants admit the allegations in paragraph 1 of the complaint.

2.    The Defendants admit the allegations in paragraph 2 of the complaint.

3.    The Defendants admit the allegations in paragraph 3 of the complaint.

4.    The Defendants admit the allegations in paragraph 4 of the complaint.

5.    The Defendants admit the allegations in paragraph 5 of the complaint.

6.    The Defendants admit the allegations in paragraph 6 of the complaint.

7.    The Defendants admit the allegations in paragraph 7 of the complaint.

8.    The Defendants admit the allegations in paragraph 8 of the complaint.

9.    The Defendants admit the allegations in paragraph 9 of the complaint.

10.   The Defendants admit the allegations in paragraph 10 of the complaint.

11.   The Defendants admit the allegations in paragraph 11 of the complaint.

12.   The Defendants admit the allegations in paragraph 12 of the complaint.

13.   The Defendants admit the allegations in paragraph 13 of the complaint.

14.   The Defendants admit the allegations in paragraph 14 of the complaint.

15.   The Defendants admit the allegations in paragraph 15 of the complaint.

16.   The Defendants admit the allegations in paragraph 16 of the complaint.

17. The Defendants neither admit nor deny the allegations in paragraph 17 of the complaint as they have no knowledge concerning same but they believe them to be true.

18. The Defendants admit the allegations in paragraph 18 of the complaint.

19. The Defendants admit the allegations in paragraph 19 of the complaint.

20. The Defendants admit the allegations in paragraph 20 of the complaint but in further answering state and allege that Town Counsel was not given all the facts necessary to give a correct legal opinion in the matter.

21. The Defendants neither admit nor deny the allegations in paragraph 21 of the complaint because they have no knowledge that Plaintiffs have acquired the entire file.

22. The Defendants admit the allegations in paragraph 22 of the complaint except that executive secretary should read "Executive Administrator".

23. The Defendants admit that Town Counsel changed his opinion concerning matters involved in this action after having received additional facts and having viewed the site and then issuing an opinion letter dated February 6, 2002, addressed and delivered to the Executive Administrator.

24. The Defendants admit the allegations in paragraph 24 of the complaint.

25. The Defendants admit the allegations in paragraph 25 of the complaint.

26. The Defendants admit the allegations in paragraph 26 of the complaint.

27. The Defendants admit the sections of the statute set out in paragraph 27 of the complaint but deny the inference that that is the only portion of the statute to be considered in this action.

28. No answer is required to paragraph 28 of the complaint.

29. No answer is required to paragraph 29 of the complaint.

30. The Defendants deny the allegations in paragraph 30 of the complaint.

31. The Defendants admit so much of the allegations in paragraph 31 of the complaint as allege that the Building Commissioner revoked the permit.

32. The Defendants deny that M.G.L. ch. 40A, § 7 is relevant in this situation and deny that it does not authorize the action taken by the Defendants.

33. The Defendants deny the allegations in paragraph 33 of the complaint.

34. The Defendants admit that substantial construction has occurred on the exterior and interior of the structure but deny that the cease and desist order requires the entire

building to be demolished and refers to the language in the cease and desist order dated March 19, 2002, attached in the Plaintiffs' complaint as Exhibit 'N'.

35.    The Defendants deny the allegations in paragraph 35 of the complaint.

36.    The Defendants deny the allegations in paragraph 36 of the complaint.

37.    The Defendants admit so much of the allegations in paragraph 37 of the complaint as state and allege that counsel agree that this matter be submitted to the court for a determination as to whether state statute applies in accordance with the interpretation of Plaintiffs' counsel.

Dated:  May 7, 2002

Town of Dartmouth and David J. Silveira Building Commissioner/Zoning Enforcement Officer  By their attorney

John A. Birknes, Jr. Esq.
Town of Dartmouth Legal Department
400 Slocum Road
Dartmouth, MA 02747
Tel. #: (508) 910-1883
Fax #:  (508) 910-1882
BBO # 043560

CERTIFICATE OF SERVICE

I, John A. Birknes, Jr. do hereby certify that I have served the attached Answer to the Complaint to Donald Fleming, Esq., attorney for the Plaintiffs, P.O. Box 396, Mattapoisett, MA, by first class mail, postage prepaid, May 7, 2002

John A. Birknes, Jr.
Dartmouth Town Counsel

C:\My Documents\legal\Jadlowe -Answer.wpd



# D A R T M O U T H     M A S S A C H U S E T T S

**LEGAL DEPARTMENT**
400 SLOCUM ROAD • P. O. BOX 79399
DARTMOUTH. MA 02747-0985

**JOHN A. BIRKNES, JR.**
TOWN COUNSEL
**DORIS J. COPLEY**
PARALEGAL SPECIALIST
TEL: (508) 910-1883 • FAX: (508) 910-1882

May 7, 2002

Bristol County Superior Court
9 Court Street
Taunton, MA 02780
Attention: Marc J. Santos, Magistrate

<u>**CERTIFIED MAIL, RRR**</u>
<u>**7001 2510 0004 1988 4462**</u>

Re:        Jadlowe, et al v. Town of Dartmouth, et al.

CA NO.:     BRVC2002-00480


Dear Mr. Santos:

Enclosed please find the Defendants' answer for the above referenced case.
Kindly file same.

Very truly yours,

John A. Birknes, Jr.
Dartmouth Town Counsel

JAB/dc

cc:    Donald Fleming, Esq., counsel for the Plaintiffs

C:\My Documents\legal\cvrSantos-Jadlowe.wpd

# Commonwealth of Massachusetts
## SUPERIOR COURT
## Case Summary
## Civil Docket

## Jadlowe v Zoning Board of Appeal of the Town of Dartmouth et al

Details for Docket: BRCV2002-01048

### Case Information

| | | | |
|---|---|---|---|
| **Docket Number:** | BRCV2002-01048 | **Caption:** | Jadlowe v Zoning Board of Appeal of the Town of Dartmouth et al |
| **Filing Date:** | 08/29/2002 | **Case Status:** | Disposed: judgment after findng |
| **Status Date:** | 11/28/2003 | **Session:** | CtRm 1 - (Fall River) |
| **Lead Case:** | NA | **Case Type:** | Complex |

### Tracking Deadlines

| | | | |
|---|---|---|---|
| **TRK:** | F | **Discovery:** | 06/25/2003 |
| **Service Date:** | 09/19/2002 | **Disposition:** | 10/23/2003 |
| **Rule 15:** | 01/26/2003 | **Rule 12/19/20:** | 01/26/2003 |
| **Final PTC:** | 08/24/2003 | **Rule 56:** | 07/25/2003 |
| **Answer Date:** | | **Jury Trial:** | NO |

### Case Information

| | | | |
|---|---|---|---|
| **Docket Number:** | BRCV2002-01048 | **Caption:** | Jadlowe v Zoning Board of Appeal of the Town of Dartmouth et al |
| **Filing Date:** | 08/29/2002 | **Case Status:** | Disposed: judgment after findng |
| **Status Date:** | 11/28/2003 | **Session:** | CtRm 1 - (Fall River) |
| **Lead Case:** | NA | **Case Type:** | Zoning appeal (40A) |

### Tracking Deadlines

| | | | |
|---|---|---|---|
| **TRK:** | F | **Discovery:** | 06/25/2003 |
| **Service Date:** | 09/19/2002 | **Disposition:** | 10/23/2003 |
| **Rule 15:** | 01/26/2003 | **Rule 12/19/20:** | 01/26/2003 |
| **Final PTC:** | 08/24/2003 | **Rule 56:** | 07/25/2003 |
| **Answer Date:** | | **Jury Trial:** | NO |

## Parties Involved

Opposition to motion to dismiss Counts One and Two with EXhibits

7 Parties Involved in Docket: BRCV2002-01048

| **Party Involved:** | | **Role:** | Defendant |
|---|---|---|---|
| **Last Name:** | Consention, Esquire, Chairman | **First Name:** | Joseph L. |
| **Address:** | | **Address:** | |
| **City:** | | **State:** | |
| **Zip Code:** | | **Zip Ext:** | |
| **Telephone:** | | | |

| **Party Involved:** | | **Role:** | Defendant |
|---|---|---|---|
| **Last Name:** | Silveira, Building Comm./Zoning Enforcment Officer | **First Name:** | David J. |
| **Address:** | | **Address:** | |
| **City:** | | **State:** | |
| **Zip Code:** | | **Zip Ext:** | |
| **Telephone:** | | | |

| **Party Involved:** | | **Role:** | Defendant |
|---|---|---|---|
| **Last Name:** | Sweet | **First Name:** | Margaret |
| **Address:** | | **Address:** | |
| **City:** | | **State:** | |
| **Zip Code:** | | **Zip Ext:** | |
| **Telephone:** | | | |

| **Party Involved:** | | **Role:** | Defendant |
|---|---|---|---|
| **Last Name:** | Whipp | **First Name:** | William |
| **Address:** | | **Address:** | |
| **City:** | | **State:** | |
| **Zip Code:** | | **Zip Ext:** | |
| **Telephone:** | | | |

| **Party Involved:** | | **Role:** | Defendant |
|---|---|---|---|
| **Last Name:** | Zoning Board of Appeal of the Town of Dartmouth | **First Name:** | |
| **Address:** | | **Address:** | |
| **City:** | | **State:** | |

Opposition to motion to dismiss Counts One and Two with EXhibits

| | | | |
|---|---|---|---|
| **Zip Code:** | | **Zip Ext:** | |
| **Telephone:** | | | |

| | | | |
|---|---|---|---|
| **Party Involved:** | | **Role:** | Other interested party |
| **Last Name:** | File Copy | **First Name:** | |
| **Address:** | | **Address:** | |
| **City:** | | **State:** | |
| **Zip Code:** | | **Zip Ext:** | |
| **Telephone:** | | | |

| | | | |
|---|---|---|---|
| **Party Involved:** | | **Role:** | Plaintiff |
| **Last Name:** | Jadlowe | **First Name:** | Thomas J. |
| **Address:** | | **Address:** | |
| **City:** | | **State:** | |
| **Zip Code:** | | **Zip Ext:** | |
| **Telephone:** | | | |

## Attorneys Involved

7 Attorneys Involved for Docket: BRCV2002-01048

| | | | |
|---|---|---|---|
| **Attorney Involved:** | | **Firm Name:** | FLEM03 |
| **Last Name:** | Fleming | **First Name:** | Donald J |
| **Address:** | 86 Church Street | **Address:** | |
| **City:** | Mattapoisett | **State:** | MA |
| **Zip Code:** | 02739 | **Zip Ext:** | |
| **Telephone:** | 508-758-6982 | **Tel Ext:** | |
| **Fascimile:** | 508-758-3406 | **Representing:** | Jadlowe, Thomas J. (Plaintiff) |

| | | | |
|---|---|---|---|
| **Attorney Involved:** | | **Firm Name:** | |
| **Last Name:** | Hannon | **First Name:** | Joseph P |
| **Address:** | 400 Slocum Road | **Address:** | |
| **City:** | South Dartmouth | **State:** | MA |
| **Zip Code:** | 02748 | **Zip Ext:** | |
| **Telephone:** | 508-910-1881 | **Tel Ext:** | |

Opposition to motion to dismiss Counts One and Two with EXhibits

| | | | |
|---|---|---|---|
| **Fascimile:** | | **Representing:** | Sweet, Margaret (Defendant) |
| **Attorney Involved:** | | **Firm Name:** | |
| **Last Name:** | Hannon | **First Name:** | Joseph P |
| **Address:** | 400 Slocum Road | **Address:** | |
| **City:** | South Dartmouth | **State:** | MA |
| **Zip Code:** | 02748 | **Zip Ext:** | |
| **Telephone:** | 508-910-1881 | **Tel Ext:** | |
| **Fascimile:** | | **Representing:** | Silveira, Building Comm./Zonir Enforcment Officer, David J. (Defendant) |
| **Attorney Involved:** | | **Firm Name:** | |
| **Last Name:** | Hannon | **First Name:** | Joseph P |
| **Address:** | 400 Slocum Road | **Address:** | |
| **City:** | South Dartmouth | **State:** | MA |
| **Zip Code:** | 02748 | **Zip Ext:** | |
| **Telephone:** | 508-910-1881 | **Tel Ext:** | |
| **Fascimile:** | | **Representing:** | Zoning Board of Appeal of the Town of Dartmouth, (Defenda |
| **Attorney Involved:** | | **Firm Name:** | BEAU01 |
| **Last Name:** | Beauregard | **First Name:** | Philip N |
| **Address:** | 32 Williams Street | **Address:** | PO Box 952 |
| **City:** | New Bedford | **State:** | MA |
| **Zip Code:** | 02741 | **Zip Ext:** | 0952 |
| **Telephone:** | 508-993-0333 | **Tel Ext:** | |
| **Fascimile:** | 508-990-2045 | **Representing:** | Silveira, Building Comm./Zonir Enforcment Officer, David J. (Defendant) |
| **Attorney Involved:** | | **Firm Name:** | |
| **Last Name:** | Hannon | **First Name:** | Joseph P |
| **Address:** | 400 Slocum Road | **Address:** | |
| **City:** | South Dartmouth | **State:** | MA |
| **Zip Code:** | 02748 | **Zip Ext:** | |
| **Telephone:** | 508-910-1881 | **Tel Ext:** | |
| **Fascimile:** | | **Representing:** | Whipp, William (Defendant) |

Opposition to motion to dismiss Counts One and Two with EXhibits

| Attorney Involved: | | Firm Name: | |
|---|---|---|---|
| Last Name: | Hannon | First Name: | Joseph P |
| Address: | 400 Slocum Road | Address: | |
| City: | South Dartmouth | State: | MA |
| Zip Code: | 02748 | Zip Ext: | |
| Telephone: | 508-910-1881 | Tel Ext: | |
| Fascimile: | | Representing: | Consention, Esquire, Chairman Joseph L. (Defendant) |

## Calendar Events

8 Calendar Events for Docket: BRCV2002-01048

| No. | Event Date: | Event Time: | Calendar Event: | SES: | Event Status: |
|---|---|---|---|---|---|
| 1 | 05/19/2003 | 09:00 | TRIAL: by jury | C | Event not reached by Court |
| 2 | 07/21/2003 | 09:00 | TRIAL: jury waived | C | Event not reached by Court |
| 3 | 07/23/2003 | 08:30 | Status: by session | C | Event moved to another session |
| 4 | 07/31/2003 | 09:00 | TRIAL: non-jury | A | Event held as scheduled |
| 5 | 08/15/2003 | 08:30 | TRIAL: non-jury | A | Event not reached by Court |
| 6 | 10/02/2003 | 14:00 | Status: administrative | A | Event held as scheduled |
| 7 | 11/24/2003 | 08:30 | Motion/Hearing: Rule12 to Dismiss | A | Event held as scheduled |
| 8 | 11/24/2003 | 09:00 | Conference: Lobby | A | Event held as scheduled |

## Full Docket Entries

78 Docket Entries for Docket: BRCV2002-01048

| Entry Date: | Paper No: | Docket Entry: |
|---|---|---|
| 08/29/2002 | 1 | Appeal from Dartmouth, MA Zoning Board filed |
| 08/29/2002 | | Origin 1, Type C02, Track F. |
| 09/04/2002 | 2 | Certificate of service of Notice required by G.L. c. 40A s. 17 by |
| 09/04/2002 | 2 | Donald J. Fleming re: Zoning Board of Appeal of the Town of |
| 09/04/2002 | 2 | Dartmouth; Joseph L. Consention, Esquire, Chairman; William Whipp; |
| 09/04/2002 | 2 | Margaret Sweet; and, David J. Silveira, Building Comm./Zoning |
| 09/04/2002 | 2 | Enforcment Officer. |

Opposition to motion to dismiss Counts One and Two with EXhibits

| Date | No. | Description |
|------|-----|-------------|
| 09/17/2002 | 3 | Supplemental Certificate of service of Donald J Fleming re: Joseph L. |
| 09/17/2002 | 3 | Consention, Esquire, Chairman, William Whipp, Margaret Sweet, David |
| 09/17/2002 | 3 | J. Silveira, Building Comm./Zoning Enforcment Officer Required by |
| 09/17/2002 | 3 | G.L. c.40A:17 (returned mail receipts attached) |
| 03/21/2003 | | Notice sent to appear for trial by jury on May 19, 2003 |
| 03/21/2003 | 4 | Defendant Zoning Board of Appeal of the Town of Dartmouth's MOTION to |
| 03/21/2003 | 4 | continue Trial |
| 03/21/2003 | | Motion (P#4) ALLOWED by agreement. (David A. McLaughlin Justice) |
| 03/21/2003 | | Notices mailed March 21, 2003 |
| 05/22/2003 | | Notice sent to appear for non-jury trial on July 21, 2003 |
| 07/30/2003 | 5 | Defendant Zoning Board of Appeal of the Town of Dartmouth, Joseph L. |
| 07/30/2003 | 5 | Consention, Esquire, Chairman, William Whipp, Margaret Sweet, David |
| 07/30/2003 | 5 | J. Silveira, Building Comm./Zoning Enforcment Officer's MOTION in |
| 07/30/2003 | 5 | limine to limit testimony in this trial de novo to evidence that the |
| 07/30/2003 | 5 | structure as built is not in violation. |
| 07/30/2003 | 6 | Defendant Zoning Board of Appeal of the Town of Dartmouth, Joseph L. |
| 07/30/2003 | 6 | Consention, Esquire, Chairman, William Whipp, Margaret Sweet, David |
| 07/30/2003 | 6 | J. Silveira, Building Comm./Zoning Enforcment Officer's MOTION in |
| 07/30/2003 | 6 | limine to state a claim for which relief may be granted. |
| 07/30/2003 | 7 | Defendants' MOTION to Dismiss (MRCP 12b) Complaint of Thomas J. |
| 07/30/2003 | 7 | Jadlowe |
| 07/30/2003 | 8 | Plff's Findings of Fact and Rulings of Law. |
| 07/31/2003 | | Notice sent to appear for non-jury trial on September 15, 2003 |
| 07/31/2003 | | Defts' Motion for View. (Vide 2002-00480 #19) |
| 07/31/2003 | | Facts agreed by the Parties. (Vide 2002-00480 #20) |
| 07/31/2003 | | Preliminary trial memorandum of Thomas J. Jadlowe (Vide 2002-00480 |
| 07/31/2003 | | #21) |
| 07/31/2003 | | Plffs' Request for Findings of Fact. (Vide 2002-00480 #22) |
| 07/31/2003 | | ORDER to provide counsel and this order issued after hearing and with |
| 07/31/2003 | | the consent of July 31, 2003 counsel for the Town of Dartmouth. (E. |
| 07/31/2003 | | Susan Garsh, Justice) (Vide 2002-00480 #23) |
| 07/31/2003 | | MOTION (P#5) DENIED (E. Susan Garsh, Justice) |
| 07/31/2003 | | MOTION (P#6) DENIED (E. Susan Garsh, Justice) |
| 07/31/2003 | | MOTION (P#7) DENIED as untimely filed. (E. Susan Garsh, Justice) |
| 09/30/2003 | | Plffs' Post Trial Memorandum. (Vide 02-00480 #27) |
| 09/30/2003 | | Plffs' Request for Findings of Fact. (Vide 02-00480 #28) |
| 09/30/2003 | | Plffs' Request for Rulings of Law. (Vide 02-00480 #29) |
| 10/03/2003 | | Hearing on jury waived trial (final argument) held, matter taken |
| 10/03/2003 | | under advisement. (E. Susan Garsh, Justice) |
| 11/05/2003 | | Notice sent to appear on November 24, 2003 for a hearing on Lobby |
| 11/05/2003 | | Conference and Motion to Dismiss before Judge Garsh. |

Opposition to motion to dismiss Counts One and Two with EXhibits
Page 50 of 64

| 11/13/2003 | 9 | Joint MOTION to Dismiss so much of the claim as addresses the Zoning |
| 11/13/2003 | 9 | Board of Appeals case number 2002-36 as being moot. |
| 11/13/2003 | 9 | Plaintiff Thomas J. Jadlowe's MOTION to dismiss Zoning Board of |
| 11/13/2003 | 9 | Appeal of the Town of Dartmouth's appeal |
| 11/17/2003 | 10 | Opposition to Plff's Motion to Dismiss filed by Zoning Board of |
| 11/17/2003 | 10 | Appeal of the Town of Dartmouth, Joseph L. Consention, Esquire, |
| 11/17/2003 | 10 | Chairman, William Whipp, Margaret Sweet, David J. Silveira, Building |
| 11/17/2003 | 10 | Comm./Zoning Enforcment Officer |
| 11/21/2003 | 11 | Plaintiff's response to the Town's opposition to his motion to |
| 11/21/2003 | 11 | dismiss without prejudice. |
| 11/24/2003 | | MOTION (P#9.1) ALLOWED, although the court makes no findings of |
| 11/24/2003 | | mootness. In light of the court's decision and action that may be |
| 11/24/2003 | | taken by the town, clearly this matter is capable of being a live |
| 11/24/2003 | | issue given the development of a factual record in the companion case |
| 11/24/2003 | | and the plaintiff's tactical decision before the ZBA to argue only |
| 11/24/2003 | | that it was extended as a rule of law, to a special permit, it is |
| 11/24/2003 | | appropriate for the matter to be resolved de novo by the ZBA. |
| 11/24/2003 | | Accordingly, it is hereby ordered that Mr. Jadlowe withdraw his |
| 11/24/2003 | | request for a special permit by November 25, 2003 and that the ZBA |
| 11/24/2003 | | allow the request to withdraw without prejudice. (E. Susan Garsh, |
| 11/24/2003 | | Justice) Notices mailed November 24, 2003 |
| 11/24/2003 | | MOTION (P#9) ALLOWED, it having been assented to. (E. Susan Garsh, |
| 11/24/2003 | | Justice) Notices mailed November 24, 2003 |
| 11/26/2003 | 12 | Plaintiff, Thomas James Jadlowe's Certificate of Compliance with the |
| 11/26/2003 | 12 | Court's Order by requesting the Dartmouth Zoning Board of Appeals to |
| 11/26/2003 | 12 | withdraw his Application for a Special Permit (case no. 2002-46) |
| 11/26/2003 | 12 | without prejudice. |
| 11/28/2003 | 13 | JUDGMENT on Plff's 12b motion to dismiss without prejudice and |
| 11/28/2003 | 13 | without costs. (E. Susan Garsh, Justice). Copies mailed November 28, |
| 11/28/2003 | 13 | 2003 |

Opposition to motion to dismiss Counts One and Two with EXhibits
Page 51 of 64



# The Commonwealth of Massachusetts

## Department of Public Safety
## Board of Building Regulations and Standards
## One Ashburton Place, Room 1301
## Boston, Massachusetts 02108-1618

### Phone (617) 727-7532
### Fax (617) 227-1754

| STATE USE ONLY |
| --- |
| Fee Received:_____ |
| Check No.: _____ |
| Received By: _____ |

**STATE BUILDING CODE APPEALS BOARD**
**APPEAL APPLICATION FORM**

DOCKET NUMBER: _____                     DATE: __12/19/03__
            State Use Only

The undersigned hereby appeals to the State Board of Building Regulations and Standards from the decision of the:

Building Official from the City/Town of: __Dartmouth DATED 11/24/03 EXHIBIT "I" ATTACHED__

Board of Appeals from the City/Town of: __Dartmouth__
_____

Other Municipal Agency/Official entitled: _____
_____

State Agency/Official entitled: _____

OTHER: _____

Dated: _____ 20 _____, having been aggrieved by such (check as appropriate)

Interpretation  ☒    Order  ☒    Requirement  ☒    Direction  ☒

Failure to Act  o    Other  o    Explain_____

(This section must be completed or the application will be returned.)

Has the building\structure been the subject of an appeal by this or any other appeals board previous to this filing?  If, yes, please indicate the date of the previous appeal, whether the matter was heard before a local or state appeals board, the code section that was at issue, and the specifics of the decision (i.e. a variance was granted\not granted).

Yes. Appeal to Dartmouth Zoning Board of Appeals Case No. 2002-36 and Case No. 2002-43. Case No. 2002-36 was an appeal of the Bldg. Inspector's Cease & Desist Order; Case No. 2002-43 was an application for a Special Permit. The Bristol County Superior Court vacated both ZBA decisions and the Judgement has not been appealed. (see Exhibit "A" attached)

*All appropriate code sections that are a subject of the appeal must be identified.* All *written* supporting documentation must be submitted with this application. .However, the Board reserves the right to continue the proceeding if such material warrants extensive review.

State briefly desired relief (additional information may be attached if space is not sufficient):

Building Permit was validly issued and there was no misrepre-
sentation by the owners or appellant.  At the time the permit
issued the Building Commissioner and the Zoning Enforcement
Officer's interpretation was that the project conformed to
zoning and after the building was constructed, the Town tried to
invoke a different interpretation of the code in violation of

780 CMR 102.5.2 AND 102.5.3 (continued on attached addemdum)

APPELLANT: Donald J. Fleming, Fleming & Ishihara, P.C.

REPRSENTING:  Thomas James Jadlowe

ADDRESS FOR SERVICE: 86 Church St., Mattapoisett, MA 02739

Telephone No. 508 758-6981          Fax Number: 508 758-3406

ADDRESS OF SUBJECT PROPERTY: 30 Arch Street, Dartmouth, MA.

APPELLANT'S CONNECTION TO SUBJECT PROPERTY:

Owner

Thomas James Jadlowe

SIGNATURE OF APPELLANT/REPRESENTATIVE          NAME - PLEASE PRINT

| Please return applications to: |
| :---: |
| Program Manager |
| Board of Building Regulations and Standards |
| P.O. Box 871 |
| Taunton, MA 02780-0871 |

Addendum to the Appeal Application of Thomas James Jadlowe

1) Your Appellant is Thomas James Jadlowe and he is the owner of the property at 30 Arch Street in Dartmouth Massachusetts. He acquired title on March 16, 2001 from his father in law who has resided on the property since the 1950's.

2) Thomas James Jadlowe is commonly know as James Jadlowe; and the property was acquired so that it could be modernized; by Mr. James Jadlowe. The intention was that the James Jadlowe and his son Marc Jadlowe and his father in law Manuel C. Oliveira and another son would reside on the property.

3) As originally constructed the property consisted of two detached structures, the front structure was a single family two story home, the rear structure was a two story art studio, in which Mr. Oliveira had customarily resided depending on his work in the studio.

4) The grandson Marc Jadlowe had reside in the front structure during most of his lifetime; except for period he resided in California. In 1998 Marc Jadlowe returned from California to Dartmouth and resumed living in the front structure. At that time it was decided to modernize the rear structure and make it into an in-law apartment.

5) Marc Jadlowe applied for and received a building permit to renovate the rear structure; one of the Town Selectmen made complained that the work was not authorized and Marc Jadlowe was told to stop the work and file an Application with the Dartmouth Zoning Board of Appeals for a variance. At the hearing on the variance it was agreed that if Marc Jadlowe joined the two structures by a connecting the rear structure to a gazebo and the gazebo to the front structure, then under Dartmouth Zoning it would be treated as one single family structure with an in-law apartment. See Exhibit "B" and "C" attached which is the decision of the Dartmouth Zoning Board of Appeals (ZBA) and the Planning Board's recommendation to the ZBA which include the history of the use of Art Studio as a residential unit.. The work was completed and an Occupancy Permit issued See Exhibit "D".

6) The Town By-law reads in part as follows:

   a) Section 3B.200 NON-CONFOMING STRUCTURES

1

Are structures which when built were in compliance with the development standards, if any, in effect at the time, but because of changes in the Zoning By-law no longer conform to the development standards fro structures in the Zoning districts n which the structure is located.

3B.201  Protection of existing Non-Conforming Structures

Non-conforming structures which are legally in existence prior to October 26, 1993 shall be considered in compliance with this Zoning Bylaw.

5.04  Setbacks

<u>Buildings or structures which are legally in existence prior to October 26, 1993 shall be considered to be in compliance with Section 5.404 and are allowed to expand along the setback line of the same building/structure to a point which intersects another line defined in Section 5.404.</u>  Expansions are prohibited into the intersection sight triangle setback or within five (5) feet of any perimeter property line.  Exempt expansions shall not exceed the height of the part of the existing structure/building being expanded except where the expansion is outside the current setback and the height is otherwise allowed by zoning.

In addition, building or structures may be placed a minimum of 10 feet from all other perimeter lot lines or 30 feet from a street line if the lot upon which the building or structure is to be located was in existence prior to October 26, 1993.  The benefit of this exemption is available to lots which already had buildings or structures located thereon prior to October 26, 1993.

(The section underlined will at times be referred to as the "first sentence on page 5-20.)

7)  The original structures on 30 Arch Street were in existence prior to October 26, 1993 and were therefore considered to comply with the Zoning Bylaws.

8)  The work in 1998 did not enlarge the structures externally, except by adding the gazebo and connecting it to both structures and then treating the structures as if they were a single structure.

9)  On March 24, 2001 the Marc Jadlowe on behalf of his father James Jadlowe was issued a demolition permit for work on the front part of the now single structure; the

2

scope of the work proposed was the removal of the top floor and the possibly the first floor. See Exhibit "E".

10) After work was started the Assistant Building Inspector told Marc Jadlowe that he could if he wanted to build a completely new front section by removing the front structure and moving it at least six feet in a westerly direction along the existing set back, after some discussion with his father it was decided that this was the economical approach and Marc Jadlowe on behalf of his father James Jadlowe applied for a building permit to allow the work. See Exhibit "F"

11) On November 20, 2001 a new building permit was issued and the former front structure was removed, the foundation was moved 7 feet to the west and the building was completed except for the exterior siding and finish work and the installation of some windows. The rear section was not modified in any way.

12) The Selectman who had objected to the work to the rear section of the dwelling in 1998 again objected to the Assistant Building Inspector on December 20, 2001and the Assistant Building Inspector advised the Selectman that the project did conform to the Zoning Bylaw; alluding to a 1998 agreement as to the interpretation of the Bylaw.

13) On or about December 1998 the Building Commissioner and the Assistant Building Inspector disagreed as to the interpretation of the language in the Bylaw set out in paragraph 6 of this addendum.   They in turn agreed that they would meet with the Town Counsel and agree on a reasonable interpretation of the Bylaw.   At that meeting with the Town Counsel it was agreed that the Bylaw would be interpreted in the following manner.

a) If the first sentence on page 5-20 of the Bylaw (the underlined portion of Paragraph 6), is applicable to a project then the remaining sentences in the section are not applicable to that project.

14) From that time forward the Bylaw was interpreted in that manner, that is until January 2001 and only with regard to this project.

15) After the Assistant Building Inspector told the Selectman about the interpretation of the Bylaw, an abutter wrote the Building Commissioner asking for an interpretation of the same Bylaw sections discussed by the Selectman with the Assistant Building Inspector on December 20, 2001.

3

16) On January 29, 2002 the Town Administrator called the Building Commissioner and directed him to meet with the Town Counsel with regard to the letter by the abutter.

17) On January 29th and January 30th, 2002 the Building Commissioner and Town Counsel both issue letters stating that the project at 30 Arch Street complied with Town Zoning.

18) On February 5, 2002 Gagne orders a meeting in his office with the Town Counsel and the Building Commissioner and the next day Town Counsel revoked his opinion and said the project did not comply; blaming the Building Commissioner for not telling him all the facts as to the project.

19) Sometime in February 2001 the Board of Selectmen vote to appeal the decision of the Building Commissioner in issuing the permit; and the Town Administrator prepares the ZBA appeal and leaves it with the ZBA secretary who simply holds on to it. See Exhibit "G-1", And "G-2".

20) In late February or early March, 2002 the Building Commissioner asks for a meeting with the Board of Selectmen in executive session.

21) On March 11, 2002 the Building Commissioner, the Town Counsel and the Assistant Building Inspector, the Town Planner and the Town Administrator meet with the Board of Selectmen in executive session to discuss the project at 30 Arch Street. See the Minutes Exhibit "G-3"

22) On March 13, 2002 the Building Commissioner writes to the abutter stating that an order would issue on the project.

23) On March 19, 2003 the Building Commissioner issued to Jadlowe a cease and desist order. In a later deposition the Building Commissioner testified he would not have issued the order except he believed his job was at stake. See Exhibit "H-1" and "H-2)

24) The Appellant Jadlowe brought suit in the Superior Court and judgment has entered in that action, nullifying the March 19, 2002 Cease and Desist Order, but denying the Petitioner's interpretation of the law of estoppel and the Appellant Jadlowe has filed an appeal from that decision. Appellant Jadlowe has been unable to get an estimate from the Stenographer when the transcript will be ready; but has paid the oral estimate for the transcript.

4

25) On November 24, 2003 the Assistant Building Inspector issued a Stop Work Order. See Exhibit "I".

26) This appeal is filed with this Board without going to the Dartmouth ZBA, since the Petitioner does not believe he will receive a fair hearing at the ZBA; and in any event the applicable law is contained in 780 CMR 102.5.3, which reads "In cases which applicable codes, rules or regulations, bylaws or ordinances were not in use at the time of such construction or alternation, the provisions of 780 CMR 103.0 shall apply.   There is no allegation that the owner has not complied with 780 CMR 103.0.

27) The Appellant Jadlowe also alleges that the provisions of 780 CMR 102.5.4 is applicable.

28) The Appellant Jadlowe also alleges that the provisions of 780 CMR 111.2 is applicable and no one has alleged that at the time the permit for the construction at 30 Arch Street issued that is did not conform to the Zoning Bylaw as it was then interpreted and applied; and the attempt to change the interpretation after the fact is both a denial of equal protection under the Massachusetts Constitution since the interpretation has not been applied retroactively to any other project and it is also a violation of 780 CMR 102.5.3.

29) Nor has anyone attempted to revoke the permit since there is no allegation that the Appellant or anyone acting on his behalf made any false statement or misrepresentation of fact in the application or on the plans on which the permit or approval was based.

30) The Stop work Order dated November 24, 2003 was issued pursuant to 780 CMR 119.0; and not pursuant to the Town Bylaw since such action is not permitted under the Zoning Bylaw.

31) The Building Commissioner is on medical leave and was on medical leave prior to November 24, 2003 and has not appointed Mr. Reed to act as his alternate during his medical leave as required by 780 CMR 105.2 and the Appellant denies that Mr. Reed has the authority to issue the Stop Work Order dated November 24, 2003 and the duly appointed Building Inspector has always taken and does take the position that the project conforms to the Town of Dartmouth Zoning Bylaw.

5

32) Appellant has attached a copy of part of the Site Plan for the work at 30 Arch Street which is the subject of this appeal.  See Exhibit "J".

Signed and sealed this December 19, 2003 *Thomas James Jadlowe*

Before me on December 19, 2003 Thomas James Jadlowe the Appellant appeared and acknowledged the above statements contained in this Addendum to the Appeal to be true.

NOTARY PUBLIC *MARGARET A. Ishiberg*

*FEB 26, 2010*
My commission expires

6

Commonwealth of Massachusetts
County of Bristol
The Superior Court

Civil Docket **BRCV2002-01048**

RE:   Jadlowe v Zoning Board of Appeal of the Town of Dartmouth et al

TO:   Donald J Fleming, Esquire
      Fleming & Ishihara
      86 Church Street
      PO Box 396
      Mattapoisett, MA 02739

### CLERK'S NOTICE

This is to notify you that in the above referenced case the Court's action on **11/24/2003**:

*RE: Plaintiff Thomas J. Jadlowe's MOTION to dismiss Zoning Board of Appeal of the Town of Dartmouth's appeal*

**is as follows:**

MOTION (P#9.1) ALLOWED, although the court makes no findings of mootness. In light of the court's decision and action that may be taken by the town, clearly this matter is capable of being a live issue given the development of a factual record in the companion case and the plaintiff's tactical decision before the ZBA to argue only that it was extended as a rule of law, to a special permit, it is appropriate for the matter to be resolved de novo by the ZBA. Accordingly, it is hereby ordered that Mr. Jadlowe withdraw his request for a special permit by November 25, 2003 and that the ZBA allow the request to withdraw without prejudice. (E. Susan Garsh, Justice) Notices mailed November 24, 2003

Dated at Fall River, Massachusetts this 28th day of November, 2003.

                                        Marc J. Santos,
                                        Clerk of the Courts
                        BY:

                                        Peter R. Andrade
                                        Assistant Clerk

Telephone: (508) 672-4464

Copies mailed 11/28/2003



cvdresult_2.wpd 369297 motallow celeste

# Commonwealth of Massachusetts
## County of Bristol
## The Superior Court

CIVIL DOCKET# BRCV2002-01048

Thomas J. Jadlowe,
              Plaintiff

vs

Zoning Board of Appeal of the Town of Dartmouth et al,
              Defendant(s)

## JUDGMENT ON MOTION TO DISMISS
### (Mass.R.Civ.P. 12b)

This action came on for hearing before the Court, E. Susan Garsh, Justice upon the Plaintiff's, motion to dismiss pursuant to Mass. R.Civ.P. 12(b), and upon consideration thereof,

It is ORDERED and ADJUDGED:

That the Complaint of the plaintiff, Thomas J. Jadlowe is hereby dismissed against the defendant (s), Zoning Board of Appeal of the Town of Dartmouth, Joseph L. Consention, Esquire, Chairman, William Whipp, Margaret Sweet, David J. Silveira, Building Comm./Zoning Enforcement Officer, and the defendant(s) without prejudice and without costs.

Dated at Fall River, Massachusetts this 28th day of November, 2003.

By: *Peter R Andrade*
                                        Assistant Clerk

Entered: November 28, 2003

Copies mailed 11/28/2003

EXHIBIT
A

A True Copy By Photostatic Process
Attest:
*Peter R Andrade*
              Asst. Clerk of Courts

cvdjud12b_1.wpd 370055 jud12b celeste

# D A R T M O U T H          M A S S A C H U S E T T S

**B U I L D I N G   D E P A R T M E N T**
400 Slocum Road • P. O. Box 79399
Dartmouth, MA 02747-0995                    TEL (508) 910-1820 • FAX (508) 910-1836

## *STOP WORK ORDER*

November 24, 2003

Mr. Thomas J. Jadlowe
30 Arch Street
Dartmouth, MA  02748

Re: Zoning Violation Section 5.404

Dear Mr. Jadlowe:

I have received two (2) requests for a zoning determination and enforcement of the zoning by-laws of the Town of Dartmouth. After a review of the building and site plans submitted, I find that because the existing building is no longer there to expand upon, the expansion within twenty (20') feet (current setback) of the front property line is in violation of section 5.404 Setbacks. Therefore, removal of the expanded areas within the current setbacks may be required. Relief could also be granted from the Zoning Board of Appeals in the form of a Special Permit.

Furthermore, even if the existing building was not demolished, it would still need approval from the Zoning Board of Appeals for both the expansion of the front part of the building within five (5') feet of the street property line, and for the part of the roof exceeding the pre-existing height of the existing building within twenty (20') feet of the street property line.

You are hereby ordered to <u>STOP</u> all work until the structure has been brought into compliance or relief has been granted by the Zoning Board of Appeals before you will be allowed to continue.

Per section 27.500, any person aggrieved by a decision of the Zoning Enforcement Officer made under the provisions of the Zoning By-law may appeal that decision under the provision and timelines of M.G.L. Chapter 40A Section 8 and 15.

Respectfully,

Joel S. Reed
Building Inspector &
Asst. Zoning Enforcement Officer
JSR:sbs

D:\SUE\LETTER03\L128157.STW

HAND DELIVERED



Volume:      2
Pages: 1–240
Exhibits:   36

# COPY

A P P E A R A N C E S

Attorney Anthony C. Savastano
The Joseph Arthur Beauvais House
404 County Street
New Bedford, MA  02740
(508) 992-7000
Counsel for the Plaintiffs

Attorney Donald J. Fleming
86 Church Street
Mattapoisett, MA  02739
(508) 758-6982
Counsel for the Defendant, Thomas James Jadlowe

Attorney Michael A. Kehoe
Partridge, Snow & Hahn, LLP
700 Pleasant Street, 5th Floor
New Bedford, MA  02740
(774) 206-8200
Counsel for the Defendant, Board of Appeals of the Town of
Dartmouth

COMMONWEALTH OF MASSACHUSETTS

BRISTOL, SS.                    SUPERIOR COURT DEPARTMENT
                              CIVIL ACTION NO. BRCV2004-01358-A

. . . . . . . . . . . . . . . . .

MARYANNE FRATES and LISA    *
FRATES,                     *
          Plaintiffs,       *
                            *
vs.                         *
                            *
THOMAS JAMES JADLOWE and    *
THE BOARD OF APPEALS OF THE *
TOWN OF DARTMOUTH WHO ARE:  *
MARGARET SWEET, RAYMOND     *
SOUZA, SCOTT E. SYLVIA,     *
JOSE ABREU, AND WILLIAM     *
D. WHIPP,                   *
          Defendants.       *

. . . . . . . . . . . . . . . . .

          CONTINUED DEPOSITION OF **SCOTT E. SYLVIA**, a

Defendant, called on behalf of the Plaintiffs, taken

pursuant to the applicable provisions of Massachusetts

Rules of Civil Procedure, before Catherine Ann LaBonte,

CVR-CM, a Certified Court Reporter and Notary Public, in

and for the Commonwealth of Massachusetts, at the office of

Anthony C. Savastano, Esquire, The Joseph Arthur Beauvais

House, 404 County Street, New Bedford, Massachusetts, on

Wednesday, March 9, 2005, commencing at 9:50 a.m.

. . . . . . . . . . . . . . . . .

*CATHERINE ANN LABONTE, CVR-CM*
*Court Reporting Services*
*P.O. Box 832*
*Westport, Massachusetts 02790*
*(508) 673-7334*

A L S O   P R E S E N T

Geraldine Frates

Maryanne Frates

Thomas J. Jadlowe

I N D E X

| WITNESS | PAGE |
|---|---|
| SCOTT E. SYLVIA | |
| Direct Examination by Mr. Savastano | 6 |
| Cross-Examination by Mr. Fleming | 127 |

E X H I B I T S

| NO. | DESCRIPTION | PAGE |
|---|---|---|
| 10 | 2004-69 Minutes with Attachments | 17 |
| 11 | 2004-69 Minutes Only | 22 |
| 12 | Letter dated 11/24/03 | 23 |
| 13 | Faxed Application from Clerk | 35 |
| 14 | Letter dated 10/29/04 | 35 |
| 15 | Fax Cover Sheet and Fee Schedule | 54 |
| 16 | Letter dated 11/5/04 | 67 |
| 17 | 2002-36 Decision | 93 |
| 18 | 2002-43 Decision | 84 |
| 19 | Fax Cover Sheet | 99 |
| 20 | Letter dated 2/7/05 | 99 |
| 20A | Letter dated 1/18/05 | 101 |
| 20B | Letter dated 2/2/05 | 101 |
| 21 | Outline of Violations | 101 |
| 22 | Post of Agenda | 102 |
| 23 | Agenda | 103 |

E X H I B I T S

| NO. | DESCRIPTION | PAGE |
|---|---|---|
| 24 | Letter dated 10/30/03 | 104 |
| 25 | Letter dated 1/14/05 | 105 |
| 25A | Letter dated 1/19/05 | 107 |
| 26 | Letter dated 1/18/05 | 107 |
| 27 | Letter dated 1/18/05 | 108 |
| 28 | Letter dated 1/21/05 | 109 |
| 28A | Letter dated 1/18/05 | 110 |
| 29 | Letter dated 1/21/05 | 110 |
| 30 | Letter dated 2/6/05 | 111 |
| 31 | Letter dated 2/7/05 | 112 |
| 31A | Letter dated 2/7/05 | 112 |
| 32 | Handwritten Notes | 114 |
| 33 | Fax dated 2/15/05 | 115 |
| 34 | Fax and Letter dated 3/1/05 | 116 |
| 35 | Letter dated 3/2/05 | 117 |
| 36 | Fax and Letter dated 2/2/05 | 118 |
| 37 | Minutes - Board of Selectmen | 120 |
| 38 | Copy of Chapter 40A Section 12 | 121 |
| 39 | Copy of Article XVI | 123 |
| 40 | Handwritten Notes dated 2/14/05 | 123 |
| 41 | Section 1.3 of Mark Brabowski's Book | 125 |
| 42 | Section from Dartmouth Town Charter | 126 |

225

```
1        that.
2                    MR. SAVASTANO:  You cannot do that.
3                    MR. FLEMING:  You've answered it
4        for me and that's fine.
5    Q.  Did you discuss the Jadlowe property with anyone
6        between the time you sat on the Frates petition and
7        the November -- between the 2003 petition and the
8        2004 petition, did you ever discuss the Jadlowe
9        property with anyone?
10   A.  I think so.
11   Q.  Do you know who?
12   A.  I have breakfast almost -- nearly ever weekday
13       morning with a group of like six or seven different
14       ladies, my priest, stuff like that, and I think it
15       was a general topic of conversation at the table
16       because of the writing that had been put on the wall
17       regarding Lenny Gonsalves.  I think everybody in the
18       town was talking about it.  Other than that, I don't
19       recall discussing it.  After I left the 2003 hearing,
20       I never thought about it again until the 2004 hearing
21       to be honest with you.
22   Q.  Did you ever discuss the Jadlowe property with Lenny
23       Gonsalves?
24   A.  No.
```

226

```
1    Q.  Did you ever discuss it with any of the Frates or
2        anybody who was representing the Frates?
3    A.  Nothing outside of open meeting.
4    Q.  Did you ever discuss it with Ms. Sweet?
5    A.  I'm sure.  Yeah, of course I have.  Yes.
6    Q.  Is this pertaining to the second meeting, the 2004
7        hearing?
8    A.  And I believe she sat on the first hearing, so, yeah,
9        regarding both.  I'm sure -- I had to have talked to
10       her at the first hearing.  I know I talked to her
11       about the second hearing.  She may have been the one
12       that told me about the Select Board getting the
13       police officer.  I'm not sure.  It would have been at
14       the hearing.  Probably not in open session, right
15       before it started.  And then I talked to her long
16       after the hearing once I was deposed -- once I found
17       out that I was being deposed and I couldn't find
18       anything in the record about Mike Gagne's
19       conversation, I talked to her, I know, again about it
20       then.
21   Q.  Now, when you say you couldn't find anything about
22       Mike Gagne's conversation or statement, what did you
23       look at to determine that?
24   A.  I went to the file for the Zoning Board of Appeals
```

227

```
1        for 2004 and reviewed it.
2    Q.  So you just reviewed the records, there was nothing
3        in there, and that was it, right?
4    A.  Correct.
5    Q.  Who told you that Marc Jadlowe was dangerous and had
6        threatened people?  Was it Carolyn Perkins --
7        Pickering?
8    A.  Yes.
9    Q.  -- Ray Souza, Mr. Whipp, Ms. Sweet?
10   A.  It would have been somebody that was there that night
11       at the hearing because it happened right before the
12       hearing started.  There was a conversation with a
13       bunch of people, and I don't remember which of those
14       people were involved.  I became aware of it in that
15       conversation.
16   Q.  Where did that conversation take place?  In that back
17       room?
18   A.  Either in the back room, or the hallway between the
19       back room and the meeting, or in the meeting before
20       it started.  I don't remember.
21   Q.  Just so the record will be clear, the hearing was in
22       the main hearing room.  There is a, if you want, a
23       bench or podium where you people sit.  The back room
24       would be immediately behind you as you are sitting at
```

228

```
1        that bench, is that right?
2    A.  Yes.
3    Q.  It's not the conference room as you're sitting at
4        that bench --
5    A.  No.
6    Q.  -- there's a conference room straight ahead on the
7        other side?
8    A.  Not that room.
9    Q.  And the only people that have access to that back
10       room immediately prior to a meeting would be,
11       normally, the members of the board and Ms. Pickering,
12       is that right?
13   A.  No, because we get people walking in and out all the
14       time.  Attorneys representing petitioners will come
15       in and say hi.  I mean, it could be -- we get people
16       walking in and out all the time because that's the
17       only time we're all there.
18   Q.  So this group was together and someone made this
19       statement about Mr. Jadlowe, is that right?
20   A.  Yes.  And I would like just to state for the record,
21       because I don't want this to come out wrong
22       afterwards, that I never put that statement in any of
23       my correspondences to anybody about anything, even
24       though I had a feeling that that was another one of
```

Opposition to motion to dismiss Counts One and Two with EXhibits
Page 64 of 64