UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO. 05-10516-LTS

THOMAS JAMES JADLOWE,

    Plaintiff

v.

TOWN OF DARTMOUTH, LEONARD GONSALVES, MICHAEL J. GAGNE, DONALD A. PERRY, SCOTT E. SILVIA, JOEL S. REED and JEANNE E. LENTINI,

    Defendants

ANSWER OF DEFENDANTS TOWN OF DARTMOUTH, LEONARD GONSALVES, MICHAEL J. GAGNE, DONALD A. PERRY AND JOEL S. REED

## JURISDICTION AND SUMMARY OF CLAIMS

<u>Jurisdiction</u>

    The allegations set forth in the "Jurisdiction" section of the Complaint comprise contentions as to matters of law not requiring a response by the defendants. To the extent a response is required, the defendants deny any violation of the plaintiff's rights. The remaining allegations set forth in said section are admitted.

<u>Summary of Claim</u>

    The unnumbered factual allegations set forth in the "Summary of Claim" section of the complaint comprise a summary of allegations and require no response. To the extent a response is required, the defendants admit only that a cease and desist order was issued to plaintiff on March 19, 2002, which was contested at trial, resulting in an order barring further work pending issuance of a second cease and desist order by a second Building Commissioner. The defendants further admit that a second cease and desist order issued on November 24, 2003 and that plaintiff was advised to appeal same to the Zoning Board of Appeals. The defendants admit that plaintiff instead filed his appeal with the State Building Code Appeals Board, which action the Town

moved to dismiss.  The defendants further admit that the Town prepared and submitted an application for special permit and variance to the Zoning Board of Appeals on plaintiff's behalf, and that the special permit and variance were granted.  The defendants admit that an abutter thereafter filed an appeal.  The defendants are without knowledge or information sufficient to form a belief as to co-defendant Lentini's status.  The remaining allegations set forth in the "Summary of Claim" section are denied.

## FACTS COMMON TO ALL COUNTS

1. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 1.

2. a. Admitted.

   b. The allegations concerning defendant Gonsalves' "acting under color of law" comprise contentions as to matters of law not requiring a response.  The remaining allegations set forth in said paragraph are admitted.

   c. The allegations concerning defendant Gagne's "acting under color of law" comprise contentions as to matters of law not requiring a response.  The remaining allegations set forth in said paragraph are admitted.

   d. The allegations concerning defendant Perry's "acting under color of law" comprise contentions as to matters of law not requiring a response.  The remaining allegations set forth in said paragraph are admitted.

   e. Denied.

   f. The allegations concerning defendant Reed's "acting under color of law" comprise contentions as to matters of law not requiring a response.  The remaining allegations set forth in said paragraph are admitted.

      g.      The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 2(g).

3.      The defendants deny the existence of a basis for individual capacity liability, as claimed in the first sentence of Paragraph 3. The defendants admit that no monetary damages are sought as against defendant Reed. The defendants are without or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 3.

4.      Admitted only that the lot had more than 5,000 square feet. The defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 4.

5.      The allegations contained in the first sentence of Paragraph 5 are admitted. Admitted that work on the property was stopped due to a violation of the zoning bylaw, as alleged in the second sentence of Paragraph 5; denied that the work stoppage was "caused" by Gonsalves, as further alleged in the second sentence of Paragraph 5. Denied that Jadlowe was "required" to file an application for a special permit, as alleged in the third sentence of Paragraph 5. The allegations contained in the fourth and fifth sentences of Paragraph 5 are admitted.

6.      The defendants are without knowledge or information sufficient to form a belief as to when, how, or whether plaintiff acquired title to the property. Denied that plaintiff applied for a building permit on March 21, 2001.

7.      The allegations set forth in the first sentence of Paragraph 7 are admitted. The allegations set forth in the second sentence of Paragraph 7 are denied. The allegations set forth in the third and fourth sentences of Paragraph 7 are admitted.

8. Admitted only that plaintiff submitted reconstruction plans to the Building Department, and that Reed concluded that the reconstruction met zoning requirements. The allegations contained in the second sentence of Paragraph 8 are denied.

9. The allegations contained in the first sentence of Paragraph 9 are denied. Further answering, defendants admit only that Reed told Gonsalves that the new structure complied with Sections 5.404 and 5.406 of the zoning bylaw. The remaining allegations set forth in Paragraph 9 are denied.

10. Denied.

11. The defendants admit only that a cease and desist order was served on or about March 19, 2002. The defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 11.

12. Admitted.

13. The defendants admit the allegations set forth in the first sentence of Paragraph 13, and that the application was denied. The remaining allegations set forth in Paragraph 13 are denied.

14. Admitted.

15. The allegations set forth in the first sentence of Paragraph 15 are admitted. The defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 15.

16. Admitted.

17. The defendants deny that plaintiff could not get a fair hearing before the Zoning Board of Appeals. The remaining allegations set forth in Paragraph 17 are admitted.

18. Admitted.

19. Admitted.

20. Admitted.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

CLAIM ONE
(42 USC 1983 [sic])

34. The defendants restate and incorporate by reference their responses to Paragraphs 1-33.

35. Denied.

36. Denied.

## CLAIM TWO
(Equitable Relief as Against All Defendants But Lentini)

37-39.  Claim Two was dismissed per order of the Court (Sirokin, M.J.) on March 3, 2006 and therefore no response to the allegations set forth therein is required.

## CLAIM THREE
(Equitable Relief as Against Lentini Only)

40-42.  The allegations set forth in Claim Three do not pertain to these defendants.

## DEFENSES

### FIRST DEFENSE

The Complaint fails to state a cause of action upon which relief can be granted.

### SECOND DEFENSE

The Complaint is barred by the applicable statute of limitations.

### THIRD DEFENSE

The Complaint is barred for failure to exhaust administrative remedies.

### FOURTH DEFENSE

The Complaint is barred by the doctrines of res judicata, claim preclusion, and issue preclusion.

### FIFTH DEFENSE

Plaintiff has failed to state a claim upon which relief may be granted because he has failed to allege that the defendants deprived him of any constitutional right, or committed any wrongful conduct.

### SIXTH DEFENSE

Defendants state that they were at all relevant times public employees acting within the scope of their employment in good faith, and in the reasonable belief that their actions were lawful.

### SEVENTH DEFENSE

The actions and conduct of the defendants, to the extent they occurred as alleged, were objectively reasonable under the circumstances of which they were aware, and they enjoy qualified immunity from suit and liability.

### EIGHTH DEFENSE

The actions and conduct of the defendants did not violate any clearly established constitutional or statutory rights of which they reasonably should have been aware, and they are therefore entitled to qualified immunity.

### NINTH DEFENSE

The Complaint fails to state a claim for which punitive damages are available.

### TENTH DEFENSE

Plaintiff's equal protection claim fails because he cannot identify others similarly situated to he who received different treatment by the defendants, and because he cannot prove the requisite arbitrary and capricious action unrelated to legitimate governmental purposes.

### ELEVENTH DEFENSE

The defendants state that plaintiff's claim against the Town must be dismissed for failure to allege existence of an unconstitutional municipal custom and policy.

## TWELFTH DEFENSE

The action filed by the plaintiff is frivolous, wholly unsubstantial and not advanced in good faith, entitling the defendants to the recovery of all costs, expenses and attorneys' fees associated with the defense of this case.

## JURY CLAIM

The defendants respectfully demand a trial by jury.

DEFENDANTS

TOWN OF DARTMOUTH,
LEONARD GONSALVES, MICHAEL J. GAGNE,
DONALD A. PERRY and JOEL S. REED,

By their attorneys,

/s/ Joseph L. Tehan, Jr.
Joseph L. Tehan, Jr. (BBO# 494020)
Jackie Cowin (BBO# 655880)
Kopelman and Paige, P.C.,
101 Arch Street
Boston, MA  02110
(617) 556-0007

276381/METG/0657