UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO. 05-10516-LTS

| | |
|---|---|
| THOMAS JAMES JADLOWE,<br><br>        Plaintiff<br>v.<br><br>TOWN OF DARTMOUTH, LEONARD GONSALVES, MICHAEL J. GAGNE, DONALD A. PERRY, SCOTT E. SILVIA, JOEL S. REED and JEANNE E. LENTINI,<br><br>        Defendants | MUNICIPAL DEFENDANTS' LOCAL RULE 16.1 SCHEDULING STATEMENT |

Now come the remaining municipal defendants, Town of Dartmouth, Leonard Gonsalves, Michael J. Gagne, Donald A. Perry, and Joel S. Reed, and hereby submit this Scheduling Statement pursuant to Local Rule 16.1. Specifically, defendants request, pursuant to Local Rule 26.3, a phased discovery schedule, for the reasons explained herein.[1]

I.    INTRODUCTION/PROCEDURAL HISTORY

In this case, plaintiff alleges that the defendants violated his Equal Protection rights in connection with two orders issued to plaintiff to stop work on property located at 30 Arch Street in the Town of Dartmouth.

Previously, the Town filed a Motion to Dismiss the two-count Complaint in its entirety. In its Memorandum and Order on the Town's motion, the Court took the following action:

    a.    Dismissed Count II of the Complaint, which sought injunctive relief, in its entirety (see Memorandum, issued March 3, 2006, p.11);

    b.    Dismissed Count I as against defendant Scott E. Silvia (Memorandum, p.22);

---

[1] A Local Rule 16.1 Scheduling Conference has not been held in this case; therefore, the defendants ask that this request be considered at the Status Conference scheduled for June 19, 2006. On June 9, 2006, the defendants requested that the Status Conference proceed as a Scheduling Conference in a Status Report submitted to the Court.

Plaintiff's counsel has informed defense counsel that he intends to file a response to this Request with the Court prior to the June 19 Status Conference.

      c.      Limited plaintiff's claims against the Town of Dartmouth to the period between the issuance of the <u>second</u> stop-work order (November 24, 2003) and the issuance of a special permit that allowed plaintiff to resume working on the property (November 19, 2004) (Memorandum, p.19, ¶2; pp.20-21);

      d.      Limited plaintiff's claims against the individual defendants to the period between the issuance of the <u>first</u> stop-work order (March 19, 2002) and the issuance of the special permit (November 19, 2004) (Memorandum, pp.20-21).

Subsequently, defense counsel learned that, contrary to allegations in the Complaint, plaintiff did <u>not</u> hold title to the Arch Street property at any time during the period over which his claims allegedly accrued. Instead, records show that plaintiff's interest in the property was limited to a life estate, which ran from September 12, 2000 until February 2, 2001, and from March 16, 2001 until November 30, 2003. Since November 30, 2003, plaintiff's son, Marc Jadlowe, has owned the property. (Records show that from June 30, 1999 until November 30, 2003, interest in the property underwent numerous conveyances among Thomas Jadlowe, Marc Jadlowe, and Marc Jadlowe's grandfather, Manuel Oliveira).

The information regarding plaintiff's interest in the property was revealed during criminal proceedings commenced against Marc Jadlowe in this Court. <u>See</u> <u>U.S.</u> v. <u>Amaral, et al.</u>, No. 05-CR-10306-RGS. Specifically, Marc Jadlowe has been charged with conspiracy to possess and distribute cocaine, which he is alleged to have stored at the Arch Street property. The U.S. Attorney has made a forfeiture allegation against, and obtained a *lis pendens* on, the Arch Street property. Notably, Thomas Jadlowe filed a motion to remove the *lis pendens* which the Court (Stearns, J.) denied, holding that "[t]here is no showing that Thomas Jadlowe has a cognizable interest in the disputed property." <u>See</u> Docket for C.R. No. 05-cr-10306, Entry dated April 20, 2006.

As this Court has held that plaintiff's claims against the Town accrued on November 24, 2003, and plaintiff's interest in the property ceased to exist on November 30, 2003, plaintiff's claims against the Town ran for a total of six days. As this Court has held that plaintiff's claims

against the individual defendants accrued on March 19, 2002, and, again, plaintiff's interest in the property ceased to exist on November 30, 2003, plaintiff's claims against the individual defendants ran for a total of 8½ months.  As such, should plaintiff prove liability in this case, his damages will be limited to those he can prove he suffered during these brief periods.

II.     REQUEST FOR PHASED DISCOVERY

Based on the facts cited above, the defendants request, pursuant to Local Rule 26.3, a phased discovery schedule, with the first phase limited to (1) confirmation of the nature and extent of plaintiff's interest in the property during the period over which his claims allegedly accrued (March 19, 2002 through November 19, 2004); (2) and a determination of what provable damages, if any, plaintiff suffered as a result of the defendants' challenged actions during the period he held an interest in the property.  Discovery on these limited issues could serve to either provide grounds for a dispositive motion, or identify parameters for settlement, while avoiding protracted, costly, and potentially unnecessary discovery on the issue of liability.

The defendants propose the following schedule for the first phase of discovery:

A.    Written discovery requests, limited to the issues of plaintiff's interest in the subject property, and alleged damages, to be served by July 19, 2006.

B.    A deposition of plaintiff, limited to the issues noted above, to be completed by October 19, 2006.

C.    A status conference to be scheduled by the Court after October 19, 2006, to determine whether a dispositive motion is appropriate, or whether further discovery is necessary.

Further pursuant to Local Rule 16.1, defendants state that (1) they will file L.R. 16.1 certificates of conferral separately; and (2) they do not consider this case appropriate for alternative dispute resolution at this time.

          DEFENDANTS

          TOWN OF DARTMOUTH, ET AL.,

          By their attorneys,

          /s Jackie Cowin
          Joseph L. Tehan, Jr. (BBO# 494020)
          Jackie Cowin (BBO# 655880)
          Kopelman and Paige, P.C.
          101 Arch Street
          Boston, MA 02110
          (617) 556-0007

284887/METG/0657

CERTIFICATE OF SERVICE

I, Jackie Cowin, certify that the above document will be served by first-class mail upon any party or counsel of record who is not a registered participant of the Court's ECF system, upon notification by the Court of those individuals who will not be served electronically. /s/Jackie Cowin