UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO. 05-10516-LTS

THOMAS JAMES JADLOWE,

    Plaintiff

v.

TOWN OF DARTMOUTH, LEONARD GONSALVES, MICHAEL J. GAGNE, DONALD A. PERRY, SCOTT E. SILVIA, JOEL S. REED and JEANNE E. LENTINI,

    Defendants

MUNICIPAL DEFENDANTS' L.R. 56.1 STATEMENT OF MATERIAL FACTS OF RECORD AS TO WHICH THERE IS NO GENUINE ISSUE TO BE TRIED

1. Prior to 1998, plaintiff's father-in-law, Manuel Oliveira ("Oliveira"), bought property located at 30 Arch Street in the Town of Dartmouth (the "Property"). Excerpts from Deposition Testimony of Thomas J. Jadlowe ("Exhibit A"), p.16, l.10-17; p.23, l.23-p.24, l.2. A single-family house was located on the Property at the time. Exhibit A, p.23, l.14-22.

2. From September 1998 through March, 2001, ownership of the Property underwent several transfers among plaintiff's family members, as explained below.

3. On September 28, 1998, Oliveira conveyed the Property to plaintiff Thomas Jadlowe's son, Marc Jadlowe, for consideration of "love and affection." Deed, recorded at Bristol County South Registry of Deeds, Book 4218, Page 326-327 ("Exhibit B").

4. On June 29, 1999, Marc Jadlowe conveyed the Property back to Oliveira, for consideration of "love and affection." Deed, recorded at Bristol County South Registry of Deeds, Book 4453, Page 214 ("Exhibit C").

5. Also on June 29, 1999, Oliveira deeded to himself a life estate in the Property, with the remainder interest in the Property going to Marc Jadlowe. Deed, recorded at Bristol County South Registry of Deeds, Book 4453, Page 216-217 ("Exhibit D").

6. On September 12, 2000, Oliveira conveyed his interest in the Property to plaintiff, for consideration of $1.00.  <u>Deed</u>, recorded at Bristol County South Registry of Deeds, Book 4773, Page 151 ("Exhibit E").

7. On February 1, 2001, a deed bearing plaintiff's signature conveyed the Property back to Oliveira for consideration of $1.00.  <u>Deed</u>, recorded at Bristol County South Registry of Deeds, Book 4890, Page 10 ("Exhibit F").

8. On March 16, 2001, Oliveira conveyed his interest in the Property back to plaintiff for $160,000.  <u>Deed</u>, recorded at Bristol County South Registry of Deeds, Book 4926, Page 25. ("Exhibit G").

9. On November 30, 2003, Oliveira died.  <u>Death Certificate</u> ("Exhibit H").

10. Plaintiff claims that he has owned the Property from March 16, 2001 until present, based on the deed conveyed to him by Oliveira on March 16, 2001.  <u>Exhibit A</u>, p.18, l.1-5, l.12-19.

11. Notably, when queried about each of the above transactions at deposition in the instant matter, plaintiff testified that he was unaware of any of them (save the final one on March 16, 2001) at the time each such transaction was made – <u>including</u> the September 12, 2000 transaction in which Oliveira conveyed the Property to plaintiff for the first time, <u>and</u> the February 1, 2001 transaction in which plaintiff purportedly executed a deed, conveying the Property back to Oliveira for $1.00.  <u>Exhibit A</u>, p.20, l.13-20; p.22, l.2-8; p.29, l.12-15; p.30, l.22-p.31, l.15; p.32, l.11-p.33, l.5; p.35, l.19-p.36, l.3; p.36, l.12-21.  Indeed, plaintiff testified that, as of the deposition date, he had <u>no memory</u> regarding the September 12, 2000 and February 1, 2001 transactions (in which the Property was purportedly deeded back and forth between Oliveira and himself) at all.  <u>Exhibit A</u>, p.35, l.19-p.36, l.3; p.36, l.12-21.

12. On November 6, 2005, Marc Jadlowe was charged in U.S. District Court with conspiracy to possess and distribute cocaine, which he is alleged to have stored at the Property. See U.S. v. Amaral, et al., No. 05-CR-10306-RGS ("Exhibit I").

13. On December 21, 2005, the U.S. Attorney obtained a *lis pendens* on the Property in connection with the criminal charges. Exhibit I, Entries dated December 20, 2005 and December 21, 2005.[1]

14. On April 4, 2006, plaintiff filed a motion for relief from the order of *lis pendens*, asserting that he "is the sole owner of the Property." See Thomas Jadlowe's Motion for Partial Relief ("Exhibit J"), p.1; and Exhibit I, Entry dated April 4, 2006.

15. On April 18, 2006, the U.S. Attorney filed an Opposition to Thomas Jadlowe's Motion, citing as grounds the fact that "Thomas Jadlowe lacks any legal interest in the Arch Street Property," based on the Property's history of conveyances, described above. See United States' Opposition to Thomas Jadlowe's Motion for Partial Relief ("Exhibit K"); and Exhibit I, Entry dated April 18, 2006.

16. On April 20, 2006, the Court (Stearns, J.) denied plaintiff's motion, holding that "[t]here is no showing that Thomas Jadlowe has a cognizable interest in the disputed property." Exhibit I, Entry dated April 20, 2006.

17. In the instant matter, plaintiff claims damages in the amount of $132,805 as a result of the occurrences alleged in the Complaint.[2] See Plaintiff's Answer to Interrogatories, Nos. 2-3, and accompanying chart ("Exhibit L"); Exhibit A, p.90, l.21-p.91, l.2.

---

[1] The U.S. Attorney's application for *lis pendens*, and the order allowing same, were filed under seal.
[2] The Complaint also seeks unspecified damages for "severe emotional distress" and punitive damages against the individual defendants.

18. The $132,805 in damages consist of payments for a mortgage, real estate insurance, real estate taxes, and construction materials associated with the Property, in addition to $400 monthly rent plaintiff paid while living at a different location.  Exhibit L.

19. Plaintiff testified at deposition that he was renovating the Property for his own use, rather than to put the Property up for sale or rent.  Exhibit A, p.54, l.5-7; p.57, l.9-11.  Plaintiff has never lived at the Property.  Exhibit A, p.41, l.2-4.

20. Plaintiff further testified at deposition that construction materials for which he seeks reimbursement – including construction siding, construction plumbing, and windows and doors[3] – have either already been installed in the Property, or will be used once he is permitted to proceed with the renovations.  Exhibit A, p.80, l.13-p.81, l.4; p.90, l.7-20.

21. Much of the expenses plaintiff claims to have incurred as a result of the defendants' allegedly wrongful actions were incurred before March 16, 2002, or after November 30, 2003.  For instance, plaintiff seeks to recover payments he made for insurance, mortgage, taxes, and rent from January 1, 2002 through March 16, 2002, and from December 1, 2003 through all of 2006.  Exhibit L.

MUNICIPAL DEFENDANTS

By their attorneys,

/s/Jackie Cowin
Joseph L. Tehan, Jr. (BBO# 494020)
Jackie Cowin (BBO# 655880)
Kopelman and Paige, P.C.
101 Arch Street
Boston, MA 02110
(617) 556-0007

309970/METG/0657

---

[3] Plaintiff testified that the second reference to "construction plumbing" on the damages chart should have referenced costs of installing windows and doors.  Exhibit A, p.82, l.11-p.83, l.1.

4

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO. 05-10516-LTS

| | |
|---|---|
| THOMAS JAMES JADLOWE,<br><br>  Plaintiff<br>v.<br><br>TOWN OF DARTMOUTH, LEONARD GONSALVES, MICHAEL J. GAGNE, DONALD A. PERRY, SCOTT E. SILVIA, JOEL S. REED and JEANNE E. LENTINI,<br><br>  Defendants | ATTACHMENTS TO MUNICIPAL DEFENDANTS' L.R. 56.1 STATEMENT OF MATERIAL FACTS OF RECORD AS TO WHICH THERE IS NO GENUINE <u>ISSUE TO BE TRIED</u> |

**Attachments A through L to Municipal Defendants' L.R. 56.1 Statement of Material Facts of Record as to Which There is no Genuine Issue to be Tried, are to be filed by mail with the Court, and served upon counsel of record by mail, on March 26 or March 27, 2007.**

                                                             MUNICIPAL DEFENDANTS
                                                             By their attorneys,

                                                             /s/ Jackie Cowin
                                                             Joseph L. Tehan (BBO# 494020)
                                                             Jackie Cowin (BBO# 655880)
                                                             Kopelman and Paige, P.C.
                                                             101 Arch Street
                                                             Boston, MA 02110
                                                             (617) 556-0007

<u>CERTIFICATE OF SERVICE</u>

   I, Jackie Cowin, certify that the above document will be served upon any party or counsel of record who is not a registered participant of the Court's ECF system, upon notification by the Court of those individuals who will not be served electronically. /s/Jackie Cowin

310643/METG/0657