UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
Docket number 2005 CV 10516 REK

THOMAS JAMES JADLOWE

V.

THE TOWN OF DARTMOUTH
LEONARD GONSALVES
MICHAEL J. GAGNE'
DONALD A. PERRY
SCOTT E. SYLVIA
JOEL S. REED
JEANNE E. LENTINI

**PLAINTIFF'S OPPOSITION TO THE MOTION FOR PARTIAL SUMMARY JUDGMENT**

Now comes the Plaintiff and objects to the motion for partial summary judgment on the grounds that under law of Massachusetts the conveyance into the plaintiff as set out in the deed of Manuel C. Oliveira to the Plaintiff Thomas James Jadlowe dated September 12, 2000 did in fact convey the fee interest to Plaintiff. See Exhibit "A" attached to this Opposition. The Defendants allege two grounds for their claim that the Plaintiff did not have an interest in the matter, first that the deed to the Plaintiff from Mr. Oliveira could not convey more than he in fact owned and he only owned a life estate, and secondly that the Plaintiff had in fact mortgaged the property in excess of its fair market value.

Oliveira in fact had conveyed the property to himself, granting himself a life estate described as follows: an estate for and during the term of my natural life, together with full power to sell, lease, mortgage, convey or otherwise transfer the whole or any pat thereof, in fee simple, at my discretion, with the remainder in fee to Marc Anthony Jadlowe, of 30 Arch Street, South Dartmouth, Massachusetts 02748. It is intended that for and during the term of my life estate, the signature or other assent of the remainder interest holder shall not be required to effectuate any sale, lease, mortgage, conveyance or other transfer of the whole or any part of the property herein transferred. (See Exhibit "B" attached.) Such a conveyance does give the life tenant the power to convey during his lifetime which he did when he conveyed to the Plaintiff. See Nunes v Rogers, 307

Mass. 438 (1940); Lord v.Smith, 293 Mass. 555 (1936) and Sparhawk v Goldthwaite, 225 Mass. 414 (1917). Also see MCLE publication "Crocker's Notes" Ninth Edition § 965

With regard to the issue raised by the United States attorney that the Plaintiff had over mortgaged his interest in the property, that was based on an allegation that the Plaintiff had in fact mortgaged his interest to Meritage Mortgage Corporation when he acquired the property from his father-in-law Oliveria and then without discharging that mortgage, again mortgaged the property as security for a loan from Ameriquest Mortgage Company on May 12, 2003. In fact that allegation was not correct, the discharge of the first mortgage is on record, but who ever the United States Attorney used for the title exam, simply missed the discharge see Exhibit "C".

The Plaintiff
By his attorney

s/Donald J. Fleming/s
Donald J. Fleming, Esq.
86 Church Street
Mattapoisett, MA 02739
BBO# 171460
Tel 508 758 6982 Fax 598 758 3406

COPY

BK 4773 PG 151
09/12/00 02:12 DOC. 21910
Bristol Co. S.D.

# MASSACHUSETTS QUITCLAIM DEED

I, MANUEL C. OLIVEIRA,

of Dartmouth, Bristol County, Massachusetts

being unmarried, for consideration paid, and in full consideration of $1.00

grant to THOMAS JAMES JADLOWE,

of 198 Main Street, Fairhaven, Massachusetts 02719

with ***quitclaim covenants***

the land, with any buildings thereon, in Dartmouth, Bristol County, Commonwealth of Massachusetts, bounded and described as follows:

BEGINNING at the northeasterly corner thereof at a point in the south line of Arch Street, six hundred twenty-three and 54/100 (623.54) feet distant therein westerly from its intersection with the west line of Bedford Street; thence

SOUTHERLY eighty (80) feet; thence

WESTERLY one hundred forty and 01/100 (140.01) feet to the east line of Howland Avenue; thence

NORTHERLY sixty-four and 46/100 (64.46) feet to an angle in said Avenue; thence

NORTHEASTERLY therein twenty-nine and 23/100 (29.23) feet to said south line of Arch Street; and thence

EASTERLY therein one hundred forty-five and 93/100 (145.93) feet to the point of beginning.

BEING Lots No. 458, 459, 460 and 461 on Plan of No. 2 of Part of Howland Farm, dated December 28, 1915, filed in the Bristol County (S.D. Registry of Deeds.

FOR TITLE, see deed recorded on June 30, 1999 in Bristol County (S.D.) Registry of Deeds in Book 4453, Page 216.

SUBJECT to the fiscal year 2001 real estate taxes which the grantee assumes and agrees to pay.

TITLE NOT EXAMINED BY THE PREPARER OF THIS DEED.

*WITNESS* my hand and seal this 12th day of September, 2000.

Dorothy S. Carvalho
Witness

Manuel C. Oliveira
Manuel C. Oliveira

*THE COMMONWEALTH OF MASSACHUSETTS*

Bristol, ss. September 12, 2000

Then personally appeared the above-named Manuel C. Oliveira and acknowledged the foregoing instrument to be his free act and deed, before me,

Dorothy S. Carvalho
Notary Public

My commission expires: 03/02/01

EXHIBIT "A"

BK 4453 PG 216
06/30/99 12:24 DOC. 19903
Bristol Co. S.D.

QUITCLAIM DEED

KNOW ALL MEN BY THESE PRESENTS, THAT I, MANUEL C. OLIVEIRA, of Dartmouth, Bristol County, Massachusetts,

for consideration paid, and in full consideration of love and affection,

grant to myself, MANUEL C. OLIVEIRA, of 30 Arch Street, South Dartmouth, Massachusetts 02748, an estate for and during the term of my natural life, together with full power to sell, lease, mortgage, convey or otherwise transfer the whole or any part thereof, in fee simple, at my discretion, with the remainder in fee to MARC ANTHONY JADLOWE, of 30 Arch Street, South Dartmouth, Massachusetts 02748. It is intended that for and during the term of my life estate, the signature or other assent of the remainder interest holder shall not be required to effectuate any sale, lease, mortgage, conveyance or other transfer of the whole or any part of the property herein transferred,

with quitclaim covenants

the land in said Dartmouth, with the buildings thereon, bounded and described as follows:

BEGINNING at the northeasterly corner thereof at a point in the south line of Arch Street 623.54 feet distant therein westerly from its intersection with the west line of Bedford Street;

thence southerly 80 feet;

thence westerly 140.01 feet to the east line of Howland Avenue;

thence northerly 64.46 feet to an angle in said Avenue;

thence northeasterly therein 29.23 feet to said south line of Arch Street;

thence easterly therein 145.93 feet to the pint of beginning.

Being lots No. 458, 459, 460, 461 on plan of No. #2 of part of Howland Farm, dated December 28, 1915, filed in Bristol County S. D. Registry of Deeds.

Being the same premises conveyed to me by deed of said Marc Anthony Jadlowe, dated June 29, 1999, and recorded in said Registry in Book 4453, Page 214 .




EXHIBIT "B"

BK 4453 PG 217

Address of granted premises: 30 Arch Street, South Dartmouth, Massachusetts 02748. This address is not part of this conveyance; its accuracy has not been verified.

NO TITLE SEARCH WAS PERFORMED IN THE PREPARATION OF THIS DEED.

Witness my hand and seal this 28th day of June, 1999.

WITNESS

MANUEL C. OLIVEIRA

COMMONWEALTH OF MASSACHUSETTS

Bristol, ss. New Bedford, June 25, 1999

Then personally appeared the above-named MANUEL C. OLIVEIRA and acknowledged the foregoing instrument to be his free act and deed, before me

DAVID E. RUSSELL
Notary Public
My commission expires: 8/16/02




EXHIBIT "13"

Recording Requested By:
ALTA REAL ESTATE SERVICES, INC.

When Recorded Return To:

RECONVEYANCE DEPARTMENT
ALTA REAL ESTATE SERVICES, INC
P.O. BOX 551170
ATTN: RECONVEYANCE DEPT.
JACKSONVILLE, FL 32255

BK 6426 PG 76
08/07/03 08:34 DOC. 38392
Bristol Co. S.D.

## DISCHARGE OF MORTGAGE

LOAN SERVICING CENTER #:4000572380 "JADLOWE" Lender ID:S10/1000594365 Bristol Southern District, Massachusetts
KNOW ALL MEN BY THESE PRESENTS that FAIRBANKS CAPITAL CORP. whose address is 10401 DEERWOOD PARK BLVD., JACKSONVILLE, FL 32256 holder of a certain Mortgage, whose parties, dates and recording information are below, does hereby acknowledge that it has received full payment and satisfaction of the same, and in consideration thereof, does hereby cancel and discharge said Mortgage.

Original Mortgagor: THOMAS JAMES JADLOWE, A MARRIED MAN
Original Mortgagee: MERITAGE MORTGAGE CORPORATION
Date Executed: 03/16/2001 Recorded: 03/16/2001 in Book/Reel/Liber: 4926 Page/Folio: 27 as Instrument No.: N/A

In the County of Bristol Southern District, State of Massachusetts

Property Address: 30 ARCH STREET, SOUTH DARTMOUTH, MA 02748

IN WITNESSOF, the said FAIRBANKS CAPITAL CORP. by its authorized officer, has hereunto set its corporate seal.

FAIRBANKS CAPITAL CORP.
On June 5th, 2003

By: [signature]
R. COTTLE, Vice-President

FAIRBANKS CAPITAL CORP. INCORPORATED FEB 24 1989 UTAH

STATE OF Florida
COUNTY OF Duval

On June 5th, 2003, before me, SARA J. HARDIN, a Notary Public in and for Duval County, in the State of Florida, personally appeared R. COTTLE, Vice-President, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity, and that by his/her/their signature on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal,
[signature]
SARA J. HARDIN
Notary Expires: 12/15/2003 #CC895660

SARA J. HARDIN
NOTARY PUBLIC - STATE OF FLORIDA
COMMISSION # CC895660
EXPIRES 12/15/2003
BONDED THRU ASA 1-888-NOTARY1

(This area for notarial seal)

EXHIBIT "C"

66

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
Docket number 2005 CV 10516 REK

THOMAS JAMES JADLOWE

V.

THE TOWN OF DARTMOUTH
LEONARD GONSALVES
MICHAEL J. GAGNE'
DONALD A. PERRY
SCOTT E. SYLVIA
JOEL S. REED
JEANNE E. LENTINI

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF HIS OPPOSITION TO THE MOTION FOR PARTIAL SUMMARY JUDGMENT**

The Defendants have moved for partial summary judgment on two issues, one that the Plaintiff does now own any interest in the real estate at 30 Arch Street Dartmouth Massachusetts, because his grantor (Oliveira) owned only a life estate and could not convey a fee interest in the property greater than he owned. However, Oliveira on June 12, 1999 in fact owned a fee simple in the property and conveyed that interest by granting a life estates to himself with the remainder to his grandson Marc Anthony Jadlowe, but subject to the following language: an estate for and during the term of my natural life, together with full power to sell, lease, mortgage, convey or otherwise transfer the whole or any pat thereof, in fee simple, at my discretion, with the remainder in fee to Marc Anthony Jadlowe, of 30 Arch Street, South Dartmouth, Massachusetts 02748. It is intended that for and during the term of my life estate, the signature or other assent of the remainder interest holder shall not be required to effectuate any sale, lease, mortgage, conveyance or other transfer of the whole or any part of the property herein transferred.

As stated in the Opposition such an arrangement is permitted in Massachusetts and is quite common in the Greater New Bedford area. Jadlowe in order to acquire title did in fact obtain a purchase money mortgage recorded in the Bristol County Registry of Deed and used the property as security. This was the mortgage to Meritage Mortgage Corporation which was recorded at the Bristol Registry of Deeds on March 16, 2001. Thereafter, Jadlowe again re-mortgaged this time to Ameriquest Mortgage Company and that mortgage was recorded on May 12, 2003. The fact that two title attorneys passed on the title with regard to these two mortgages is a fair indication that the title is marketable and the Plaintiff owns the fee interest in the property subject to the mortgage to Ameriquest Mortgage Company. See Affidavit of Counsel as to partial record of title. See Nunes v Rogers, 307 Mass. 438 (1940); Lord v.Smith, 293 Mass. 555 (1936) and Sparhawk v Goldthwaite, 225 Mass. 414 (1917). Also see MCLE publication "Crocker's Notes" Ninth Edition § 965 for law supporting the Plaintiff's argument as to title.

The Defendant's then argue that the Plaintiff's damages are limited to $8,200, because all the expenses he incurred were related to renovations he would have incurred whether he was or was not permitted to complete the project. The simple answer is that the Plaintiff has alleged emotional damages in his answers to interrogatories and has lost the use of the property because of the Defendants' conduct.

The Plaintiff
By his attorney

s/Donald J. Fleming/s
Donald J. Fleming, Esq.
86 Church Street
Mattapoisett, MA 02739
BBO# 171460
Tel 508 758 6982 Fax 598 758 3406

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Docket number 2005 CV 10516 REK

THOMAS JAMES JADLOWE

V.

THE TOWN OF DARTMOUTH
LEONARD GONSALVES
MICHAEL J. GAGNE'
DONALD A. PERRY
SCOTT E. SYLVIA
JOEL S. REED
JEANNE E. LENTINI

**PLAINTIFF'S RESPONSE TO THE DEFENDANTS' STATEMENT OF FACTS**

1. Prior to 1998, plaintiff's father-in-law, Manuel Oliveira ("Oliveira"), bought property located at 30 Arch Street in the Town of Dartmouth (the "Property"). Excerpts from Deposition Testimony of Thomas J. Jadlowe ("Exhibit A"), p.16, l.10-17; p.23, l.23-p.24, l.2. A single-family house was located on the Property at the time. Exhibit A, p.23, l.14-22.

The Plaintiff agrees that the Defendants have attached excerpts from his deposition, he does not know to what time frame the Defendants are referring to when they allege a single family home but he does not believe that its material.

2. From September 1998 through March, 2001, ownership of the Property underwent several transfers among plaintiff's family members, as explained below.

Plaintiff as he testified in his deposition no memory of the deeds referred to prior to his purchase of the real estate on March 16, 2001.

3. On September 28, 1998, Oliveira conveyed the Property to plaintiff Thomas Jadlowe's son, Marc Jadlowe, for consideration of "love and affection." Deed, recorded at Bristol County South Registry of Deeds, Book 4218, Page 326-327 ("Exhibit B").

Plaintiff has no knowledge of this transaction, but says it is immaterial to his claim of title

4. On June 29, 1999, Marc Jadlowe conveyed the Property back to Oliveira, for consideration of "love and affection." Deed, recorded at Bristol County South Registry of

Deeds, Book 4453, Page 214 ("Exhibit C").

Plaintiff has no knowledge of this transaction, but says it is immaterial to his claim of title

5. Also on June 29, 1999, Oliveira deeded to himself a life estate in the Property, with the remainder interest in the Property going to Marc Jadlowe. Deed, recorded at Bristol County South Registry of Deeds, Book 4453, Page 216-217 ("Exhibit D").

Plaintiff has no knowledge of this transaction, but says it is immaterial to his claim of title

6. On September 12, 2000, Oliveira conveyed his interest in the Property to plaintiff, for consideration of $1.00. Deed, recorded at Bristol County South Registry of Deeds, Book 4773, Page 151 ("Exhibit E").

Plaintiff has no memory of this transaction, but says it is immaterial to his claim of title

7. On February 1, 2001, a deed bearing plaintiff's signature conveyed the Property back to Oliveira for consideration of $1.00. Deed, recorded at Bristol County South Registry of Deeds, Book 4890, Page 10 ("Exhibit F").

Plaintiff has no knowledge of this transaction, but says it is immaterial to his claim of title

8. On March 16, 2001, Oliveira conveyed his interest in the Property back to plaintiff for $160,000. Deed, recorded at Bristol County South Registry of Deeds, Book 4926, Page 25. ("Exhibit G").

Plaintiff disagrees with this claim, Oliveira conveyed his interest to the Plaintiff on March 16, 2001; he did not convey it back.

9. On November 30, 2003, Oliveira died. Death Certificate ("Exhibit H").

True

10 Plaintiff claims that he has owned the Property from March 16, 2001 until present, based on the deed conveyed to him by Oliveira on March 16, 2001. Exhibit A, p.18, l.1-5, l.12-19.

True

11. Notably, when queried about each of the above transactions at deposition in the instant matter, plaintiff testified that he was unaware of any of them (save the final one on March 16, 2001) at the time each such transaction was made – including the September 12, 2000 transaction in which Oliveira conveyed the Property to plaintiff for the first time, and the February 1, 2001 transaction in which plaintiff purportedly executed a deed, conveying the Property back to Oliveira for $1.00. Exhibit A, p.20, l.13-20; p.22, l.2-8; p.29, l.12-15; p.30, l.22-p.31, l.15; p.32, l.11-p.33, l.5; p.35, l.19-p.36, l.3; p.36, l.12-21. Indeed, plaintiff testified that, as of the deposition date, he had no memory regarding the September 12, 2000 and February 1, 2001 transactions (in which the Property was purportedly deeded back and forth between Oliveira and himself) at all. Exhibit A, p.35, l.19-p.36, l.3; p.36, l.12-21.

| The transcript speaks for itself, |
|---|

12) On November 6, 2005, Marc Jadlowe was charged in U.S. District Court with conspiracy to possess and distribute cocaine, which he is alleged to have stored at the Property. See U.S. v. Amaral, et al., No. 05-CR-10306-RGS ("Exhibit I").

| True |
|---|

13) On December 21, 2005, the U.S. Attorney obtained a *lis pendens* on the Property in connection with the criminal charges. Exhibit I, Entries dated December 20, 2005 and December 21, 2005.[1]

| TRUE |
|---|

14) On April 4, 2006, plaintiff filed a motion for relief from the order of *lis pendens,* asserting that

he "is the sole owner of the Property." See Thomas Jadlowe's Motion for Partial Relief ("Exhibit J"), p.1; and Exhibit I, Entry dated April 4, 2006.

True

15) On April 18, 2006, the U.S. Attorney filed an Opposition to Thomas Jadlowe's Motion, citing as grounds the fact that "Thomas Jadlowe lacks any legal interest in the Arch Street Property," based on the Property's history of conveyances, described above. See United States' Opposition to Thomas Jadlowe's Motion for Partial Relief ("Exhibit K"); and Exhibit I, Entry dated April 18, 2006.

True

16) On April 20, 2006, the Court (Stearns, J.) denied plaintiff's motion, holding that "[t]here is no showing that Thomas Jadlowe has a cognizable interest in the disputed property." Exhibit I, Entry dated April 20, 2006.

True, but the Court was relying on the allegation that Oliveira could not convey title in excess of his life estate and the allegations that the mortgages of record exceed the value of the real estate, the court did not state on what basis it was denying the motion, and there seems to be some question as to whether Mr. Jadlowe's attorney timely filed the opposition to the motion.

17) In the instant matter, plaintiff claims damages in the amount of $132,805 as a result of the occurrences alleged in the Complaint.[2] See Plaintiff's Answer to Interrogatories, Nos. 2-3, and accompanying chart ("Exhibit L"); Exhibit A, p.90, l.21-p.91, l.2. Plaintiff Admits with the footnote the statement.

[1]The U.S. Attorney's application for *lis pendens*, and the order allowing same, were filed under seal.

[2]The Complaint also seeks unspecified damages for "severe emotional distress" and punitive

damages against the individual defendants.

18. The $132,805 in damages consist of payments for a mortgage, real estate insurance, real estate taxes, and construction materials associated with the Property, in addition to $400 monthly rent plaintiff paid while living at a different location. Exhibit L.

Plaintiff admits that the damages were set out in his answers to interrogatories but since he has not had the use of the property he is lost the value of those expenses.

19. Plaintiff testified at deposition that he was renovating the Property for his own use, rather than to put the Property up for sale or rent. Exhibit A, p.54, l.5-7; p.57, l.9-11. Plaintiff has never lived at the Property. Exhibit A, p.41, l.2-4.

Plaintiff admits that the damages were set out in his answers to interrogatories but since he has not had the use of the property he is lost the value of those expenses.

20. Plaintiff further testified at deposition that construction materials for which he seeks reimbursement – including construction siding, construction plumbing, and windows and doors' have either already been installed in the Property, or will be used once he is permitted to proceed with the renovations. Exhibit A, p.80, l.13-p.81, l.4; p.90, l.7-20.

Plaintiff admits that the damages were set out in his answers to interrogatories but since he has not had the use of the property he is lost the value of those expenses. Further the state court has ruled that the variance granted was done so improperly.

21. Much of the expenses plaintiff claims to have incurred as a result of the defendants' allegedly wrongful actions were incurred before March 16, 2002, or after November 30, 2003.

For instance, plaintiff seeks to recover payments he made for insurance, mortgage, taxes, and rent from January 1, 2002 through March 16, 2002, and from December 1, 2003 through all of 2006. Exhibit L.

Plaintiff admits that the damages were set out in his answers to interrogatories but since he has not had the use of the property he is lost the value of those expenses. Further the state court has ruled that the variance granted was done so improperly.

The Plaintiff
By his attorney

s/Donald J. Fleming/s
Donald J. Fleming, Esq.
86 Church Street
Mattapoisett, MA 02739
BBO# 171460
Tel 508 758 6982 Fax 598 758 3406

[3] Plaintiff testified that the second reference to "construction plumbing" on the damages chart should have referenced costs of installing windows and doors. Exhibit A, p.82, l.11 -p.83, l.1.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
Docket number 2005 CV 10516 REK

THOMAS JAMES JADLOWE

V.

THE TOWN OF DARTMOUTH
LEONARD GONSALVES
MICHAEL J. GAGNE'
DONALD A. PERRY
SCOTT E. SYLVIA
JOEL S. REED
JEANNE E. LENTINI

**PLAINTIFF'S COUNSEL'S AFFIDAVIT AS TO THE RECORD TITLE AND THE STATE COURT'S ACTION ON THE APPEAL OF AN ABUTTER TO THE VARIANCE GRANTED BY THE TOWN**

1) Your affiant is the Plaintiff's attorney of record and he states under the pains and penalties of perjury the following facts.
2) He is an attorney duly admitted to the practice of law in Massachusetts and has practiced law in Massachusetts since 1962.
3) During the years from 1962 until about 1980 he commonly did so called real estate title searches and certified titles, and he is knowledgeable with the registry of deeds. Exhibit
4) He conducted a partial title search and attached hereto are the documents of record that he believes are material to this matter:
   a) The deed into Mr. Marc Jadlowe from Mr. Oliveira Exhibit "A"
   b) The deed into Mr. Oliveira from MR. Jadlowe Exhibit "B"

c) The deed into Mr. Oliveira to himself as a life tenant with the power to convey and the remainder ot Marc Jadlowe Exhibit "C"

d) The Deed from Oliveira to the Plaintiff Exhibit "D"

e) The Mortgage from the Plaintiff to Meritage Mortgage Corporation. Exhibit "E"

f) The Mortgage discharge from Meritage Exhibit "F"

g) The Mortgage from Jadlowe to Ameriquest Mortgage Copmany. Exhibit "H"

h) The title document by Ameriquest's attorney showing that Jadlowe had a fee simple interest in the property. Exhibit "I"

i) The Opposition to the motion for the Plaintiff to further mortgage the real estate. Exhibit "J"

j) The State Court's order remanding the Zoning Variance appeal back to the ZBA. Exhibit "K".

5) As to exhibits A through H I personally obtained the document and they are true copies of the records at the Bristol Registry of Deed (Southern District) and as to Exhibit I, it was sent directly to me from Counsel for Ameriquest and offered to show that this was an arms length transaction and that the Title attorney considered the title to be marketable and that Plaintiff held a fee simple interest. As to Exhibit "K" I am the attorney of record and that is the last order of the State Trial Court.

s/Donald J. Fleming April 17, 2007
Donald J. Fleming date

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
Docket number 2005 CV 10516 REK

THOMAS JAMES JADLOWE

V.

THE TOWN OF DARTMOUTH
LEONARD GONSALVES
MICHAEL J. GAGNE'
DONALD A. PERRY
SCOTT E. SYLVIA
JOEL S. REED
JEANNE E. LENTINI

**ATTACHMENTS TO THE ATTORNEY'S AFFIDAVIT**

Attachments A through K will be filed by mail with the court and mailed and served on the Defendants by mail on April 18, 2007

By his attorney

s/Donald J. Fleming/s
Donald J. Fleming, Esq.
86 Church Street
Mattapoisett, MA 02739
BBO# 171460
Tel 508 758 6982 Fax 598 758 3406